The opinion of the Court was afterwards thus delivered by
* Parker, J.
The indictment in this case charges that [ * 131 ] one Amos Tuttle, on the fourth day of June, Anno Domini 1802, did feloniously take, steal, and carry away certain *112 articles therein specified, and that the defendant, on the ninth day of August, following, did feloniously have and receive the same articles, knowing them to be stolen.
The jury have returned a special verdict, viz., that the defendant is "guilty of feloniously having and receiving the articles stolen, knowing them to have been stolen, but they do not find that Tuttle, the principal, has been convicted ; thus submitting to the Court the legality of a conviction upon the facts so found by them.
Upon a motion in arrest of judgment, the defendant’s counsel have insisted that he, being indicted as accessory, ought not to have been tried, until there had been a trial and conviction of Tuttle who is accused of being principal in the larceny.
By the common law it is clear that no accessory can be tried and convicted, unless the principal has either been previously convicted, or outlawed (which amounts to a conviction), and evidence thereo. given to the jury; or unless' the principal be charged in the same indictment with the accessory, and tried' at the same time; in which latter case the jury must first inquire of the charge against the principal, and determine that to be true, before they proceed against the accessory. The only exception to this rule seems to be, when the person charged as accessory shall himself request to be put on trial before the principal; and even then, upon conviction, judgment against him is to be suspended until the principal shbll be prosecuted and found guilty (5)
(6).
Cases having often occurred, in which the guilt of the accessory was manifest, but punishment could not be inflicted, because of the concealment or escape of the principal, more especially in crimes of the nature of that set forth in this indictment, it was provided by the statute 1 Ann. c. 9. $ 2, that, when the principal [ * 132 ] could not be taken or prosecuted, *the receiver of the stolen goods might be prosecuted and punished for a misdemeanor.
Our statute upon the same subject adopts the principle, and provides that, when the principal is not known or prosecuted, the receiver shall be guilty of a misdemeanor, and punished in the same manner as the principal would have been-, if convicted.
The same section of the statute constitutes the receiver of stolen goods knowingly, an accessory; and he must be proceeded against as such, unless the principal be not known or prosecuted.
*113 The facts charged against the defendant, therefore, making him an accessory, according to the terms of the statute, provided the principal were known or prosecuted, it will be necessary to ascertain in what character, he is by the indictment prosecuted, whether as accessory, or as having committed a misdemeanor.
There is no allegation that the principal is not known or prosecuted, which would seem to be proper, if not necessary, in order to keep up the distinction which the legislature has seen fit to adopt, with respect to the guilt of the receiver under different circumstances. And we find, by examining precedents, such allegation always made when the party is proceeded against for a misdemeanor only.
We find, also, that this indictment is conformable, m every particular, to the forms in the books of precedents, where the party is charged as accessory; the principal being formally accused in the same bill, and the receiving being stated to be felonious, which seems to negative the idea of its being a mere misdemeanor, which the grand jury intended to fix upon him.
We must therefore consider the defendant in this case to be indicted as accessory to the felony alleged to have been committed by Amos Tuttle; which being the case, he ought not, according to the principles before stated, to have been tried until Tuttle had been tried and convicted, unless he consented thereto. It has been insisted by the attorney-general that his having pleaded to the indictment, and having suffered a trial without claiming this privi lege, are circumstances sufficiently indicative of a waiver of his * right in this particular, and of his consent to the [ * 133 J proceedings as they took place. But we are of opinion that no such assent can be implied from his submission to the course directed by the attorney-general or by the Court. In criminal cases, an express relinquishment of a right should appear, before the party can be deprived of it. Here is no such relinquishment, but merely a silent submission, which probably arose from ignorance at the time that such right existed.
It is, however, said by the attorney-general, that the eleventh section of the statute, giving the jury authority to convict of a crime of a lower denomination than the one charged, provided such a crime be substantially proved, applies to this case; and that, under the special verdict as found, the Court may enter judgment against the defendant for a misdemeanor, that being essentially found by the jury.
But whether the jury have the power contended for, need not be decided, it being clear that they have not exercised it. They comict the defendant of the whole offence, in manner and form as *114 set forth in the indictment, if the Court deem such conviction under the circumstances to be legal; otherwise they entirely acquit. The Court have no authority given them to depart from the alternative presented to them by the special verdict.
We are of opinion that judgment, for the cause set forth in the notion must be arrested.

 Foster on Accomplices, c. 2. page 360, 343.—1 Hale’s P. C. 623, 2 ditto, 224.

 [By conviction or outlawry, unless they are tried together.—1 Russell on Crimes, 37,2d Ed.—But by the common law, in crimes under felony, as is larceny by our statutes, there were no accessories.—1 Hale, P. C 613.—2 Hawk ch 29 § 4.—Ed.]