The Court

observed, that the question was of too much importance to be decided instanter; the trial might proceed, and the prisoner should have the benefit of the objection after conviction, if a conviction should follow. The trial continued through the greater part of the day ; * and towards evening the [ * 425 ] Solicitor-General, finding that a material witness for the government had left the Court, the trial was postponed until the morning; when
The Chief Justice stated, that since the adjournment of the Court the preceding evening, the justices had carefully examined the books upon the subject, and were unanimously of opinion, that, by the common law an accessory cannot be put on his trial, but by his *352 own consent, until the conviction of the principal. The reason of this rule is very plain. If there is no principal, there can be no accessory; and the law presumes no one guilty until conviction. Statutes have made a difference as to some lesser species of offences, but do not touch the principle in capital cases. Our only doubt arose from the peculiar circumstance in this case, that the person charged as principal is dead, and can never be tried. If he were alive, and on trial, it is possible he might establish his innocence, strong as the evidence has appeared in support of his guilt. In such case, the prisoner could not be found guilty ; for he could not have been accessory to the commission of the crime as charged. The trial might have been stopped at the commencement of it, had our minds been then free from all doubt. But as the prisoner has been put on his trial, he has a right to a verdict. The jury, accordingly, under *>e direction of the Court, immediately returned a verdict of acquittal : and the prisoner was discharged of this indictment (2).
The prisoner was also arraigned at the last March term, upon an indictment against him as principal in the same offence. The Solicitor-General not being inclined to go to trial upon the evidence he had, the counsel for the prisoner moved for his discharge.
The habeas corpus act (3) provides that, “ when any person shall be held in prison under indictment, he shall be tried or bailed at the first term next after his indictment, if he demands the [ * 426 J same; unless it shall appear to * the Court, that the witnesses on behalf of the government have either been enticed away, or are detained by some inevitable accident from attending.”
The Court ordered the prisoner to recognize alone in 2000 dollars for his appearance at the next term.

 [Russell on Crimes, p. 36, 2d Ed.—Ed.]

 Stat. 1784, c. 72, § 13