The opinion of the Court was delivered by
Duncan J.
Charles Loring, James Mitchell, Charles A, Mitchell, Filatio Russell, Solomon Price, Adam Stoops and •- Cook, were indicted for burglary, and Margaret Stoops and Ann Carson, plaintiffs in error, with Elizabeth Mitchell and Henry Parmelc were indicted as accessaries before and after the fact, to all the principals. Loring and Russell pleaded guilty, James Mitchell and Charles A. Mitchell not guilty. Price, Stoops and Cook were never tried or arraigned. The plaintiffs in error were afterwards tried as accessaries. Margaret Stoops was convicted as accessary both before and after, Ann Carson of being accessary after. Elizabeth Mitchell and Henry Parmelé were acquitted.
The errors assigned are—1. That accessaries were tried and convicted before conviction of all the principals.
2. They were tried as accessaries of principals who had neither been outlawed, arraigned or convicted.
3. The indictment charges two felonies, and the plaintiffs in error were charged as accessaries to the felony aforesaid.
The offence of the accessary, though different from that of the principal, is yet, in judgment of law, connected with it, and cannot .subsist without it. In consequence of this connection, the accessary shall not, -without his own consent, be brought to trial, till the guilt of the principal is legally ascertained by the conviction or outlawry of him, unless they are tried together, and then the jury shall be charged to inquire first of the principal, and if they are satisfied of his guilt, then of the accessary. Foster’s Cr. L. 361. As the law formerly stood, if a man had been accessary in the same *498 felony to several persons, he could not have been arraigned tilt all the principals were convicted and attainted or outlawed; but as the law now stands, if a man be indicted as accessary to two or more, and the jury find him accessary to one, it is a good verdict, and judgment may pass upon it, g and the Court, in their discretion, may arraign him as accessary to such of the principals who are convicted, and if he be found guilty as accessary to them or any of them, judgment shall pass upon him. But on the other hand, if he be acquitted, that acquittal will not discharge him as accessary to the others. And when they come in and are convicted and attainted, or judgment of outlawry passes against them, he may be arraigned de novo as accessary to them, 1 Hale, 624, and he may be considered as accessary to him who has been convicted, though the evidence prove him to have stood in that relation of guilt to several. It is said by Lord Hale to be the safer course, to postpone the arraignment of the accessary till all appear or are outlawed. ■ Now there cannot appear to be justice in trying a man as accessary to several, some of whom have been convicted, and others neither convicted nor outlawed, and that if he be acquitted on that trial, he should still be subject to a future trial on the conviction or outlawry of the others. The verdict here finds the prisoners guilty as accessary to all. The jury could not inquire into the guilt of those who had not pleaded, and yet they find them guilty as to these. The prisoners might properly have been arraigned and tried with the principals who had pleaded, but could not without their consent be put to plead on the whole indictment as to those who were not on their trial, and had neither been convicted or outlawed; and the only question is, do the arraignment and plea amount to a consent to be tried as accessaries to all ? In a case so highly criminal, a silent submission probably arising from ignorance, at the time, of the right, ought not to be construed into a relinquishment of the right, and a consent to the proceedings as they took place. In The Commonwealth v. Andrews, 3 Mass. 126, it was held not to be a waver of the right: and the reason is much stronger why consent should not be implied in this case, where it exposed the parties to a double trial for the same offence; a matter prohibited by the Constitution. There is an insupe *499 rabie difficulty where none of the principals are taken or convicted, in every other part of this State, than the Courts' of Philadelphia. For as there can be no removal by certiorari, into the Supreme Court, of any indictment, and as there could be no trial there, did the party come in and plead, so there can be no outlawry. This can only be remedied by the Legislature, in taking away all original jurisdiction from the Supreme Court, except in the city and county. This case of outlawry is not provided for; but the Court cannot supply the omission, and deprive the accused of a privilege which the common law has conferred on him. It appears to the Court, that there was a mis-trial, and the judgment for that reason must be reversed. But the Court order and direct,. that the prisoners enter into recognisance, each in two thousand dollars, with one or more sureties, for their appearance at the next Court of Oyer and Terminer, to be held by the Court of Quarter Sessions for the county of Philadelphia, to answer for this offence. The Court do not think it proper to pass over in silence the last objection, which is to the indictment. This objection would have been sustained had two felonies been charged against the principal. The allegation of the prisoners being accessary to the felony aforesaid, when there were two distinct felonies against the principal, would have been defective, and have vitiated the indictment against the accessaries. But there is only one offence laid, and that is burglary. The charge is for a burglarious entry, with the intent to steal, and then and there stealing. It is all one offence, one burglary. The only crime laid is burglary.
Gibson J. was absent.
•Judgment reversed.