## THE STATE v. JESSE McDANIEL.

41 229
37a 266

ACCESSORY—TRIAL.—When the principal in an offense dies before he has been tried, the accessory cannot be tried. The only exception to the rule which requires the principal to be first tried, is where he has escaped, in which event the accessory may be tried.

APPEAL from Milam.    Tried below before the Hon. J. M. Onins.

*George Clark, Attorney General,* for the State.

*Fisher & McFadin,* for appellee.

DEVINE, ASSOCIATE JUSTICE.—Appellee was indicted as an accessory after the act, in aiding one Alexander Carter, charged with murder, to escape from the officer having him in custody.

The defendant, McDaniel's, motion to set aside the indictment, on the ground that no indictment had been found against Carter, the principal, and his plea in abatement, setting forth the death of Carter, were admitted by the District Attorney to be true.    The court, on this, dismissed the proceedings and discharged appellee from custody. From this judgment the District Attorney appealed, and has brought the case here for revision.

It is shown by the record that Carter had been indicted at the September term, 1873, charged with the murder of Riley Smith; that the indictment was dismissed by the State, owing to a mistake in charging the murder to have been committed at a time subsequent to the finding of the indictment; that Carter was, in default of bail, held in custody to await the finding of a new indictment against him at the January term, 1874, of the District Court; and that he died in December, 1873, before any other indictment was presented against him.

An accessory, under the provisions of the code, can only be tried and punished before the principal "when the latter has escaped." (Pas. Dig., art. 1825.)    It cannot be contended, with color of law or reason, that the death of the principal is in the nature of an escape, such as is contemplated or expressed in the article referred to; and in this case no indictment exists.    No valid indictment was ever

presented against Carter.    The District Attorney seems to have considered the death of Carter as a removal of the prohibition against trying an accessory before the principal.    By the common law, no accessory could be tried and convicted, unless the principal had either been previously tried and convicted, and evidence given to the jury.    The only exception seems to have been when the accessory himself desired to be first tried, and even then, upon conviction, judgment was suspended until the trial and conviction of the principal was had.    (Russ. on Crimes, 37; Whitehead *v.* The State of Tennessee, 4 Humph., 278; The State *v.* Pybass, 4 Humph., 442; Commonwealth *v.* Andrews, 3 Mass., 126.)    Where, in a capital felony, the principal is dead, without conviction, an accessory cannot be put upon his trial without his consent.    (Commonwealth *v.* Phillips, 16 Mass., 423.)   There was no error in the court sustaining the plea in abatement of defendant.

The judgment is affirmed.

AFFIRMED.