## HYDE vs. GLEICHMAN.

APPEAL TO SUPREME COURT. *Return on appeal after change of venue.*

1. Where the papers in a cause have been duly transmitted from one circuit court to another in pursuance of an order for a change of venue, the clerk of the former court has no authority of law to regain possession of the record, for the purpose of making return to an appeal from a previous order in the cause. *Haas v. Weinhagen*, 30 Wis., 326.
2. In such a case this court denies the appellant's motion for an order on the clerk of the court from which the appeal was taken, directing him to make a return thereto, and dismisses the appeal, on respondent's motion, for want of a return.

APPEAL from the Circuit Court for *Kenosha* County.

A motion to dismiss the appeal herein, and the appellant's counter motion described in the opinion, were argued orally by *W. F. Vilas*, of counsel, for the respondent, and *N. B. Hyde* for the appellant.

PER CURIAM. A motion is made by the respondent to dismiss the appeal herein for the reason that no return has been made by the clerk. This motion is met by one on the part of the appellant for a rule or order on the clerk of the circuit court of Kenosha county to make return on the appeal. It appears from the affidavits read upon the motions, that the

appeal is from an order of the circuit court of Kenosha county overruling the demurrer of the plaintiff to a portion of the answer. There was an issue of fact likewise raised by the answer. About the 13th of November, 1876, the plaintiff duly perfected an appeal from the order overruling his demurrer. No stay of proceedings was granted. The cause was reached on the calendar and called for trial about the 23d of November. Thereupon the appellant made application for a change of venue on account of the prejudice of the circuit judge. The venue was changed to Milwaukee county, and all the papers in the cause were transmitted to the clerk of the circuit court of that county. Under these circumstances, it is very obvious that an order on the clerk of Kenosha county to make return would be quite fruitless and unavailing. The record has passed out of his custody, without any fault on his part. There is no law which authorizes the clerk to regain possession of the record so as to make the proper return. *Haas v. Weinhagen*, 30 Wis., 326. The appellant has lost the benefit of the appeal as a consequence of the record having been transmitted to the clerk of the circuit court of Milwaukee county before return was made. *Haas v. Weinhagen, supra*. For these reasons the motion made by the appellant for an order on the clerk of Kenosha county is denied. The motion to dismiss the appeal is granted.