## EX-PARTE ALFRED HUNTER.

Where a party has been tried and convicted of an offence before a Justice's Court, and a fine imposed under the statute, and the Justice in his commitment recites the fact of the conviction and the imposition of the fine, and further directs that the accused " be conveyed to the county jail to be employed at such manual labor as the County Commissioners may direct, which time shall not exceed ninety days," and the statute under which the accused was convicted limits the term of imprisonment to which he may be sentenced to sixty days: *Held*, That so much of the commitment as seems to authorize an imprisonment for ninety days may be treated as surplusage and void, without affecting the legality of the commitment for the non-payment of the fine. The term of the imprisonment for such non-payment is regulated by the statute. The writ of *habeas corpus* is refused.

Alfred Hunter filed a petition praying a writ of *habeas corpus*, directed to the sheriff of Leon county.

The facts of the case are stated in the opinion of the court.

*John Wallace* for the Petitioner.

*The Attorney-General, contra.*

THE CHIEF-JUSTICE delivered the opinion of the court.

It appears by the petition and papers exhibited that Alfred Hunter and another were tried before a justice of the peace, upon a charge of larceny of property of Peter Williams of the value of $5, within the county of Leon ; that a jury was empanelled, and under oath rendered a verdict of guilty ; that the accused were each sentenced to pay a fine of $25, and costs $3.85 ; and that they " be conveyed to the county jail to be employed at such manual labor as the county commissioners may direct, which time shall not exceed ninety days each." The justice of the peace had jurisdiction to try the parties for the offence and to impose the fine. Ch. 2093, Laws 1877, §§1–14; Ch. 1693, Laws 1869, §1.

The trial was had on the 28th December, 1877, and the offence was committed on the 27th.

The commitment was not made out in very artificial form, but shows the complaint, the trial, the verdict, the sentence to pay a fine, and the commitment to the jail. The sentence as to the fine is sufficiently definite.

It is evidently intended (and is so treated) that the imprisonment mentioned is in pursuance of the 14th section of the act of 1877, (Ch. 2093) which requires that in case the fine is not paid the accused shall remain in custody, and after twenty-fours he shall be committed to the jail of the county, there to be imprisoned until the fine and costs shall be paid, not exceeding three months.

The part of the commitment relating to the ninety days' imprisonment must be held to relate to this provision, and will not be treated as a part of the sentence. If it was a sentence of ninety days' imprisonment, it must be held to be void, as the justice had no power to impose a sentence of imprisonment for a longer term than sixty days, and the result is that the fine and costs only were lawfully imposed by the sentence and judgment.

There is no pretence here that the petitioner has paid, or offered to pay the fine and costs, and the statute requires that he shall be imprisoned, and put to such labor upon the roads, &c., as the county commissioners may direct.

The accused is confined, then, pursuant to law, and can be discharged only upon payment of the fine and costs, or by his earnings at labor of the amount, or by the expiration of three months from the time of commitment to jail for nonpayment, or by appealing and giving security, or by a remittance of the penalty by the executive action.

If any errors or irregularities were committed by the justice, in the progress of the trial or by the jury, the remedy is by appeal to the Circuit Court.

Upon the petition and the facts before us, the petitioner is not entitled to the relief prayed, and the writ is refused.