## EX-PARTE MACK BOWEN, HABEAS CORPUS.

1. It is not the function of a writ of *habeas corpus* to bring in view any irregularity or mere error of procedure committed by a judicial tribunal having jurisdiction of the cause and the person, and under whose final judgment a party claiming to be unlawfully restrained of his liberty may be held.

2. If the judgment is void, either because of want of jurisdiction of the court over the offence charged, or because the judgment is one of a character which the law does not under any circumstances authorize to be pronounced in a case of the kind, or is simply in excess of that which the law does authorize, and the same has, in so far as it is authorized by law, been performed, or is for other reason illegal, as distinguished from being merely erroneous or irregular, *habeas corpus* is a proper remedy.

3. The statute of this State (section 2, p. 384, McClellan's Digest,) provides that an accessory before the fact to any felony may be indicted and convicted, as such an accessory, either with the principal felon or after his conviction, or may be indicted and convicted of a substantive felony whether the principal has or has not been convicted, or is or is not amenable to justice, and in the latter case may be punished as if convicted of being an accessory before the fact. B. and two others were indicted together in the Circuit Court, it having jurisdiction of the persons, and being a court of general jurisdiction as to the offence charged. The indictment in several counts charges each one as the principal felon, and also as accessory before the fact to each of the others in the perpetration of the felony. B. was found guilty by the jury as an accessory before the fact to one of the other defendants. Subsequently such other defendant was acquitted. Before this

acquital the court had refused B. a new trial, and afterwards it refused to arrest the judgment, but imposed the sentence prescribed by the statute in such cases : *Held,* That a writ of error, and not *habeas corpus,* is the proper remedy.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of the court.

*Mershon & Rogers* for Petitioner.

May it please your honors in support of oral argument heretofore made, we beg leave to submit the following :

" That even if a verdict has been rendered against the accessory, then if the principal is acquitted the accessory may show the acquittal in bar of judgment and demand his discharge. Bishop on Criminal Law, Vol. 1st, page 875 ; McCarthy vs. The State, 44 Ind., page 214."

Second. " The accessory at common law is so completely attached to the principal that if sentence is not passed upon the latter no judgment can be pronounced against the accessory. Where no change in common law rules has been made, not only is it impossible for one to be guilty as accessory unless there is a guilty principal, but he cannot be convicted except jointly with or after the principal, whose acquittal acquits him. State vs. Pybars, 4 Humph., page 442; Bishop on Criminal Law, Vol. 1st., page 668.

We would also beg leave to refer to a case in point from a Cal. Rept. which we have been unable to get, also a case in Woodbury & Minot, U. S. Circuit Court, 1st Circuit, as well as to both Russell & Wharton on Crimes, on this subject.

*The Attorney-General* for the State.

*Habeas corpus* cannot be used as a mere writ of error. Error in the judgment or proceedings, under and by virtue

of which a party imprisoned constitutes no ground for the issue of the writ. The rule is that a conviction and sentence by a court of competent jurisdiction is lawful cause of imprisonment, and no relief can be given by *habeas corpus.* 60 N. Y., 559 ; 62 Ala., 51, 415 ; 2 Woods. 428 ; 4 Dill., 271 ; 10 Otto, 333, 371 ; 65 Ala., 473 ; 104 Ill., 156 ; 41 Wis., 517 ; 16 Alb. L. J., 119 ; 34 Wis., 177 ; 55 Call, 212.

The court below had jurisdiction of the subject matter of the person of petitioner, its judgment overruling motion of petitioner's counsel, in arrest of judgment and passing sentence of death upon petitioner, may have been erroneous, it is not void. In such case only will *habeas corpus* be allowed. The court below was competent to render the particular judgment and sentence. Petitioner has taken steps in court below to have the same reviewed on writ of error, and he should be confined to the same.

RANEY, C. J.: It is not the function of a writ of *habeas corpus* to bring in review any irregularly or mere error of procedure committed by the judicial tribunal having jurisdiction of the cause and the person and under whose final judgment the party claiming to be unlawfully restrained of his liberty may be held. Such irregularities do not affect the jurisdiction of the Court, or render the judgment void ; they make it voidable upon an appeal or writ of error or similar direct proceeding, but can not be considered in a collateral proceeding. If the judgment is void, either because of want of jurisdiction in the Court over the offence charged, or because the judgment is one of a character which the law does not under any circumstances authorize to be pronounced in a case of the kind, or is simply in excess of that which the law does authorize, and the same in so far as it is authorized by law has been performed, or is for other reason illegal as distinguished from being

merely erroneous or irregular, it may be assailed callaterally, and *habeas corpus* is a proper remedy. These principles are fully established, and are supported by the following authorities: *Ex-parte* Hunter, 16 Fla., 575 ; *Ex-parte* Martina, 23 Fla., 342 ; *Ex-parte* Hubbard, 65 Ala., 473 ; People vs. Foster, 104 Ill., 156 ; Petition of Crandell, 34 Wis., 177 ; Petition of Semler, 41 Wis., 516 ; *Ex-parte* Gibson, 31 Cal., 619 ; People vs. Tweed, 60 N. Y., 559 ; Hurd on *Habeas Corpus* ch. 6, sec. 2 ; Note by Mr. W. N. Hill, to People vs. McLeod, 3 Hill, Appendix, 662 ; *Ex-parte* Shafferburg, 4 Dillon, 271 ; *Ex-parte* Page. 49 Mo., 291 ; Foley's Case, 12 Cush., 398.

The flagrancy of the irregularity does not change the rule, where the Court pronouncing the judgment has jurisdiction, and the judgment is one which, under some circumstances, the law attaches to the offence charged.

In the case before us the indictment found at the Fall Term of the Osceola Circuit Court last year, charges Mack Bowen, the petitioner, with the murder of one Horace Stalvey, on the 28th day of September, the offence being set out in the form used in cases of murder in the first degree, and then further presents that before the commission of such murder Richard Rodgers and Henry Bracey did, feloniously and from a premeditated design to effect the death of Stalvey, counsel, aid, incite and procure Bowen, to commit, in the manner and form above described in the indictment, the said felony and murder.

The indictment then charges Bracey with the murder, and Bowen and Rodgers with counseling, aiding, inciting and procuring Bracey to commit it, and finally charges Rodgers with the murder and Bracey and Bowen with counseling, aiding, inciting and procuring Rodgers to commit it.

It appears that a severance was granted at the request of the defendants in the indictment.

The trial of Bowen was entered upon, and on the twentieth day of the month the jury returned a verdict finding him guilty of " being an accessory to murder as charged in the second count."

As we understand the indictment this finding was that he was guilty as an accessory to Bracey as the murderer of Stalvey.

It further appears that on the twenty-second day of December Bowen moved for a new trial on the usual grounds, and the motion was denied ; and on the twenty-eighth day of the month he entered a motion in arrest of judgment on the ground that he had been placed on trial before the other defendants, and found guilty in the manner and form as stated above, and afterwards on the twenty-sixth day of the same month Bracey had been put on trial, and the jury had returned a verdict of not guilty, and that afterwards the Judge, at the request of the State Attorney, entered a *nolle prosequi* as to Rodgers.

This motion was overruled. On the same day the court sentenced Bowen to be hanged. The sentence recites that he had been convicted of being accessory before the fact (by counseling, hiring, procurring and aiding) to murder in the first degree.

The certified copies of the files and records of the Circui Court before us show a verdict of acquittal, and the *nol. pros.* mentioned above.

Our statute provides that whoever " counsels, hires or otherwise procures a felony to be committed may be indicted and convicted as an accessory before the fact, either with the principal felon or after his conviction, or may be indicted and convicted of a substantive felony; whether the principal has or has not been convicted, or is or is not amenable to justice ; and in the last mentioned case may be pun-

ished in the same manner as if convicted of being an accessory before the fact." Sec. 2, p. 384, McC's. Dig.

At the common law an accessory could be tried with the principal, or separately after his conviction, but he could not be tried before the principal unless he consented to be so tried. It was usual and proper to include them in the same indictment; and where they were tried together the jury must have found the principal guilty before they could convict the accessory, for the crime of the latter depended upon the guilt of the former; and it was consequently the custom to charge the jury that they must acquit the latter if they found the principal not guilty. They could be indicted separately. The plea of not guilty did not amount to a consent to be tried before the principal; the consent had to be express. Bp. Crim., Pro., vol. 2, sec. 7; Bp. Cr. Law, vol. 1, secs. 667-668; 1 Chitty, Cr. Law, 272; Whitehead vs. State, 4. Hump., 278; McCarty vs. State, 44 Ind., 214; Commonwealth vs. Andrews, 3 Mass., 126; Com. vs. Phillips, 16 Mass., 423; 1 Hale P. C., 623.

Speaking of the accessory being tried before the principal, upon a waiver of his right not to be, Lord Hale says: " But it seems necessary in such case to respite judgment till the principal be convicted and attaint, for if the principal be after acquitted, that conviction of the accessory is annulled, and no judgment ought to be given against him; but if he be acquitted of the accessory that acquittal is good and he shall be discharged."

In Indiana where the statute provides that an accessory before the fact may be " indicted and convicted before or after the principal offender is indicted and convicted," and one indicted as such an accessory was found guilty, and at the same term the principal was acquitted before the accessory was sentenced, the Supreme Court, reversing the lower

court, set aside the verdict and judgment and ordered the accessory to be discharged.    McCarty vs. State, 44 Ind., 214.

It is apparent from the above section of the statute that the Legislature has in the first part of it preserved the common law, and that where one is not indicted " of a substantive felony " under the succeeding clauses the common law still prevails.    State vs. Ricker, 29 Me., 84.

Where the accessory is indicted of a substantive felony under this section, he may be tried whether the principal has or has not been convicted, for, although upon the trial the guilt of the principal must be *shown in evidence*, he has been indicted and may be convicted without reference to the *conviction* of the principal.    Our understanding of the last clause of this section is that it makes the offence of an accessory before the fact indictable as a substantive offence, and triable without reference to whether the principal has been convicted or not, yet as the first clause of the section clearly shows, the common law as to accessories before the fact has not been repealed, and if the accessory is not indicted of a substantive offence but in the common law mode, the common law rules as to trial and proof obtain as applicable to the case.

In so far as this indictment charges the petitioner as an accessory, it does not seem to us that the charge is of a substantive felony.    In one count he is charged as the principal offender, and each of the others the charge is of being accessory to the crime of one of two persons who are severally made defendants with him as the principal.    Each of the three defendants is indicted as principal and accessory as at common law.    To hold that this indictment is as to the accessories one of a substantive felony is to affirm that it does not charge any one as a principal in the commission of the crime alleged.

JANUARY TERM, 1889.          221

Ex parte Mack Bowen, Habeas Corpus—Opinion of Court.

To have maintained the charge against him of being an accessory on this indictment, or as at the common law, upon a separate trial, proof of this *conviction* of a principal was necessary, and this proof must have been made by the record of the conviction.    2 Bp. Cr. Pro., sec. 12; State vs. Clark, 2 Bailey, 66.

The most favorable view then that can be taken of this case as one for relief by *habeas corpus* is that it is one where, upon the papers before us it not only does not appear that there has been a conviction of either of the persons whose offence he is charged with the crime of being accessory to, but it affirmatively appears that the person of whose alleged crime he was convicted as the accessory, has been acquitted of both the charge of being the principal and that of being accessory and that as to the other defendant there has been a *nol. pros.* entered on the indictment.

It is not contended that the Circuit Court of Osceola county did not have jurisdiction to try the case, or that the judgment is in any way different from that which the law affixes to the crime charged in the indictment.    There is no room for contention that the proceedings were *corem non judice* or the judgment void as one which the law does not attach to a conviction of the offence specified in the verdict and set out in the second count of the indictment.    It is moreover not one of those cases in which a valid judgment or process has been rendered invalid by subsequent events. Hurd on Habeas Corpus, 326 ; Kirby vs. State, 62 Ala., 51 ; People vs. McLeod, 25 Wend., 483.

It is an instance where a court of competent jurisdiction trying a person within its custody, has in the progress of the cause between the trial and the judgment committed an error.    In the absence of the proper evidence of the conviction of the principal, the court should have set aside the verdict as not supported by the evidence, for this evidence

is essential to the maintenance of the offence, as charged and found, of being an accessory.

Such errors cannot be corrected by *habeas corpus*. The acquittal of Bracey and the *nol. pros.* as to Rodgers made the error more apparent, but have no effect to change the mode of correcting it. The Circuit Court's *jurisdiction* to try this case was not special or limited, nor dependent upon the fact of the previous conviction of a principal offender; the error was one of procedure in the trial of a cause of which it had full and general jurisdiction and is one which renders its judgment voidable, but not void.

We feel that the Circuit Judge must have fallen into the error imputed to him by the papers before us, under the idea that the indictment charges the accessories of a substantive felony, as such. That he did so would show the more clearly that the error was not jurisdictional.

A writ of error is the proper remedy for bringing before us the entire proceedings on the record and bill of exceptions, but *habeas corpus* does not lie. Hurd on H. C., 327, 331, 333; Ex-parte Gilchrist, 4 McCord, 233.

The prisoner will be remanded and an order will be entered accordingly.