## M. C. KINGSBURY v. THE STATE.

*No. 1261.    Decided March 3rd, 1897.*

### 1. Indictment—Evidence Before Grand Jury.

An indictment will not be quashed or set aside because the grand jury had no evidence before them authorizing the presentation of the bill, and such matter will not be inquired into.

### 2. Theft—Verdict—Judgment—Correction of.

On a trial for theft, where the jury returned a verdict of guilty, but the judgment upon said verdict was for burglary, and not theft, the judgment could be legally corrected upon proper motion and notice, so as to correspond with the allegations in the indictment and the verdict.

### 3. Accessory—Trial of Before Principal—Construction of Statute.

It is provided by Penal Code, Art. 90, that an "Accessory may be tried and punished before the principal where the latter has escaped; but, if the principal is arrested he shall be first tried, and, if acquitted, the accessory shall be discharged." This means that if a principal is under arrest and has not escaped, he must be first tried for the offense of which his accessory is charged.

### 4. Same—"Conviction"—Meaning of.

An accessory cannot be tried, if his principal be arrested, until after said principal has been first tried and convicted; and "Conviction," means that a judgment of final condemnation has been pronounced against the accused. Held: Where a principal has been tried and found guilty and judgment rendered he is still not "convicted," for the reason, that the sentence, which is the final judgment, is yet to be pronounced upon him: and, until the sentence has been pronounced upon the principal, the accessory cannot be brought to trial. Nor can he be tried if the principal appeals until the judgment against the principal is affirmed.

APPEAL from the District Court of McLennan. Tried below before Hon. SAM R. SCOTT.

Appeal from a conviction as an accessory to theft of property over the value of $50; penalty, two years' imprisonment in the penitentiary.

Trial and conviction was had on an indictment presented against appellant on the 19th day of November, 1896, wherein it is charged that on or about the 3rd day of May, 1896, in McLennan County, Pete Wells, M. L. Mayes, alias Dock Mayes, and Loy McLennan were guilty of the theft of a buggy, two sets of harness and a pair of shafts, of the value of over $100, and charges appellant as an accessory after the fact, in that he did willfully conceal and give aid to the said Pete Wells, M. L. Mayes, alias Dock Mayes, in order that the said Pete Wells and the said M. L. Mayes, alias Dock Mayes, might evade an arrest for said offense.

Appellant had been indicted at a former term for the same offense, in cause No. 1436, wherein, in addition to Pete Wells and Dock Mayes, Loy McLennan and Jack Outcult were also charged as principals, and wherein it was charged that appellant "did wrongfully and willfully give aid to the said Pete Wells and Dock Mayes and Loy McLennan and Jack Outcult, in order that they might evade an arrest for said offense." This latter case, No. 1436, was set for trial, and before the day set, the indictment was said to be lost, and the grand jury returned indictment No. 1515, which was called on the day set for trial of No. 1436. Before appellant announced the latter indictment was found, and he announced ready for trial on it, and moved to quash the indictment, which motion was overruled by the court, whereupon the County Attorney, over objection of appellant, dismissed indictment No. 1436, and he was forced to trial in No. 1515.

Before announcing ready in cause No. 1436, on November 24, 1896, appellant filed and presented to the court his motion to postpone the trial, because none of the principal offenders, all of whom were in arrest, had ever been prosecuted and convicted, which was overruled.

Before announcing in cause No. 1515, appellant filed and presented to the court, November 25, 1896, his two certain motions to postpone trial because the principal offenders were in arrest and had not been tried and convicted, which motions were overruled by the court.

Appellant then presented his motion to quash the indictment, because found without investigation, or examination, or evidence, and solely upon the suggestions and advice of J. W. Taylor, County Attorney. To which the County Attorney filed his exception and motion to strike the same out; and reply of said County Attorney, that he did not participate in the deliberation of the grand jury. The court sustained the exception, and heard evidence as to whether the County Attorney was present while the grand jury was deliberating or voting upon the bill of indictment; and overruled the motion to quash.

Pending appellant's motion to postpone the trial because the principal offenders had not been tried and convicted, after the State had an-

nounced ready, and when it was made manifest to the court that the judgment entered on the 17th day of October last (former term) against Peter Wells for burglary, in cause No. 1421, and sentence pronounced at said time against him for said offense of burglary, the court permitted the County Attorney, over the objection of appellant, and upon waiver by said Pete Wells, to enter up a judgment nunc pro tunc against him, but no final judgment of sentence was pronounced and rendered against him.

*Herring & Kelley, Prendergast & Evans,* for appellant.—The court erred in overruling the motions of defendant, filed herein, November 24 and 25, 1896, to postpone this cause:  1st, It was made manifest to the court that the principal offenders were in arrest, and that not one of them had ever been tried and convicted, and final judgment and sentence entered up against him for the offense of felonious theft, upon which is based the prosecution herein against defendant, as an accessory after the fact.  And because, 2nd, Such prosecution and conviction of the principal offenders was a condition precedent to the prosecution of this defendant, as an accessory to the offense with which they stood charged.

This error was not only committed by the court in limine, before appellant announced ready for trial, but also in the introduction of evidence over his objection and in overruling his motion in arrest of judgment. Penal Code, Arts. 90 and 27; Arcia v. State, 26 Tex. Crim. App., 198-204; Williams v. State, 27 Tex. Crim. App., 466; Jones v. State, 32 Tex. Crim. Rep., 135; West v. State, 10 Tex. Crim. App., 472.

The record of conviction of the principal offenders, if tried, must be produced on trial of accessory.  2 Bishop's Crim. Proc., § 12.

If principal erroneously convicted, accessory entitled to acquittal.  2 Bishop's Crim. Proc., § 11.

Admitting, for the present purpose, that no error was committed by the court in permitting the County Attorney, over the objection of appellant, after this cause was called for trial and the State had announced to amend nunc pro tunc a final judgment of a former term declaring Pete Wells guilty of burglary and pronouncing sentence upon him, so as to declare him guilty of felonious theft, and expunging the sentence for burglary, still the fact remains that he was present and that no final sentence and judgment had been pronounced and rendered against him, when appellant's motion for postponement of trial was overruled.  The question then is: what is meant by the following language of Art. 90, Penal Code: "But if the principal is arrested he shall be first tried, and if acquitted, the accessory shall be discharged." "First tried" evidently means a full and final trial from start to finish resulting in a conviction or acquittal; and if the former, then, and not till then, can the accessory be legally tried, and if the latter, discharged.  A criminal trial is not ended by the verdict of the jury finding the defendant guilty as charged, and a judgment declaring him guilty and subject to the penalty found

by the jury. Under such finding and judgment of the court thereon, the defendant is not convicted. He has no legal right of appeal therefrom because no final judgment pronouncing sentence has been rendered. And when this is done, still the trial is not at an end. He has then his right of appeal to this honorable court. The case may be reversed and remanded, and finally the defendant be acquitted. In such case, if the accessory has been tried and convicted and sentenced to the penitentiary, the statute is not only ignored and violated, but we have the strange anomaly of an accessory without a principal offender. The alternative or converse of the last clause of Article 90, "and if acquitted the accessory shall be discharged," confirms our construction as to its meaning, that is, and if convicted the accessory shall be tried.

In Arcia v. State, supra, Judge Willson says: "Under our Code, in all felony cases, a sentence must follow the judgment. This sentence is distinct from and independent of the judgment, and is, in fact, the final judgment in the cause. It must be pronounced and entered in all felony cases, except in a capital case, when the death penalty is assessed, before an appeal can be prosecuted. It is the sentence, therefore, and not the judgment, which under our Code, concludes the prosecution in the trial court, and until it is pronounced it cannot be said that the conviction in the trial court is complete." This opinion is reaffirmed by Judge Davidson in Jones v. State, supra, and is the settled law of our State, that "the sentence is distinct from and independent of the judgment, and is, in fact, the final judgment in the cause"; and that "it is the sentence, therefore, and not the judgment which, under our code, concludes the prosecution in the trial court," without which the conviction in the trial court is not complete.

The court erred in sustaining exception of County Attorney to appellant's motion to quash indictment herein which attacks the insufficiency of the evidence upon which the grand jury acted in finding the bill herein, because appellant's said motion makes no such attack, but does show that the grand jury made no investigation, heard no evidence but acted solely upon the suggestion and advice of the County Attorney; that he told the grand jury that the former indictment had been lost; that they could act on the finding of the former grand jury; that he did not have time to get witnesses and introduce the evidence; that it was right to present the indictment without evidence; that he was satisfied defendant was guilty; that he participated in the deliberation; that he prepared the indictment before going into the grand jury room, and that they returned it without examining a witness or examining into the charge solely upon the advice of the County Attorney. And because said motion states issuable facts upon which evidence should have been heard.

And the court, as a consequence of sustaining said exception, erred in limiting the evidence to whether or not the County Attorney was present at the time the grand jury were deliberating upon or voting upon the bill, and erred in sustaining objections to proof of the facts stated in appel-

lant's motion, and also erred in overruling it, because the action of the County Attorney in the matter before the grand jury was unauthorized, dangerous and violative of both the letter and spirit of the statute. Code Crim. Proc., Art. 393; Rothschild v. State, 7 Tex. Crim. App., 537; Stuart v. State, 35 Tex. Crim. Rep., 440.

*Mann Trice,* Assistant Attorney-General, for the State.—1.   Appellant contends in substance, that there was no conviction, judgment and sentence of all the principals, therefore under Art. 90, Penal Code, appellant could not be legally put upon trial, and the court erred in overruling his motion to postpone.   It appears from the record, that Pete Wells and Jack Outcult, were both convicted of the identical offense of theft of Temple's property at a preceding term of the court.   I do not think that where several parties are jointly indicted, as principals, that it is necessary that all the defendants should be convicted before the accessory is placed upon trial.   "If there are several principals, the accessory may be tried, in respect of such as are already tainted, before the attainder of the rest."   See, Bishop's Crim. Law, Vol. 1, Sec. 667; and Com. v. Knapp, 10 Pick., 477.   I take it therefore that the conviction of either one of the principals is sufficient authority to place the accessory upon trial.   The term of court at which Wells and his codefendants were convicted had adjourned.   No notice of appeal had been given, therefore their conviction was final and complete.

2.   The court did not err in permitting the County Attorney to amend the judgment entered against Pete Wells at the preceding term.   Notice was properly given, service accepted and time waived by Wells, and consent entered that the judgment might be entered nunc pro tunc, upon the verdict rendered against him.   The record disclosed that he was indicted for the theft of the property of Temple, before mentioned; that being duly warned and admonished, he entered a plea of guilty thereto, and the jury returned a verdict of guilty in accordance with the plea and the charge in the indictment.   Upon this the clerk entered the judgment for burglary.   It is therefore clear that the judgment entered was not authorized under the indictment or plea.   This then was a clerical mistake rather than a judicial blunder; and in such case it is permissible to enter the judgment nunc pro tunc, even at a subsequent term of court (Freeman on Judgments, Sec. 70, et seq.).   Moreover, it is believed that the proceeding is expressly authorized under Arts. 797, 837, Code Crim. Proc.; Willson's Code Crim. Proc., 25–87.   "Where, from any cause whatever, there is a failure to enter judgment and pronounce sentence upon conviction during the term, the judgment may be entered and sentence pronounced at any succeeding term."   It is manifest that there was a failure to enter judgment upon the conviction obtained, wherefore judgment entered at succeeding term was proper.

3.   The court did not err in sustaining the County Attorney's exceptions to appellant's motion to quash and limit the inquiry on the motion

to the question as to whether or not any person, not authorized by law, was present when the grand jury were deliberating or voting upon the bill of indictment. In so far as the motion raised this question, the inquiry in that regard was proper. This question, however, was the only statutory ground set forth in the motion. An examination of this motion will show that it is not within the purview of Arts. 561 and 564, Code Crim. Proc., in reference to exceptions to an indictment; nor within any of the judicial exceptions engrafted upon Article 559, authorizing a motion to set aside the indictment. It is not proper for the trial court to make inquiry as to what evidence or quantum of evidence was introduced before the grand jury, in order to enable them to find a bill of indictment. The determination of such an issue is peculiarly the privilege of the grand jury. The motion charged that the County Attorney was present when the grand jury was deliberating and voted upon the bill, but the proof wholly fails to establish the allegation.

HENDERSON, JUDGE.—Appellant was convicted of being an accessory to the commission by others of the offense of theft of property over the value of $50, and given two years in the penitentiary; hence this appeal. The indictment in this case alleges that Pete Wells, M. L. Mayes, alias Dock Mayes, and Loy McLennon did steal one buggy, of the value of $100, two sets of harness, of the value of $20 each, and one pair of shafts, of the value of $5, the same being the property of A. A. Temple, and then proceeds to charge that the appellant, M. C. Kingsbury, after the commission of the said theft by the parties above named, did unlawfully and willfully conceal and give aid to the said Pete Wells, M. L. Mayes, alias Dock Mayes, and Loy McLennan, in order that they might evade arrest for said offense, against the peace and dignity of the State. A motion to quash the indictment is made upon the ground that the grand jury did not receive testimony in regard to the bill, but acted on the advice of the County °Attorney, Mr. Taylor. This motion does not allege that Mr. Taylor was present when the grand jury was deliberating upon the accusation against the defendant or voting upon the same. This court has held that the indictment will not be quashed or set aside because the grand jury had no evidence before them authorizing the presentation of the bill, and that this matter of evidence vel non will not be inquired into. An indictment, however, will be set aside if some person was present not authorized so to be when the grand jury were deliberating or voting upon the bill. As above stated, this is not alleged in the motion to quash. The motion was properly overruled. To sustain this conviction, appellant being charged as an accessory, it was necessary to establish the fact that some of the parties named as the principals to the theft were guilty, and, under our statute, were guilty of the theft of the property, or some of the property, described in the indictment. It appears from the record that Pete Wells had been tried upon an indictment charging him with the theft of the articles mentioned in this indictment, and the jury returned a verdict of guilty, but that the judgment upon said

verdict was for burglary and not theft. A motion was made (Wells being properly notified thereof) to correct the judgment so as to correspond with the allegations in the indictment and the verdict of the jury. This was done, and a formal judgment entered declaring Wells guilty of the theft of the property described in this indictment. In this there was no error. See, Morris v. State, 30 Tex. Crim. App., ·96. Upon the trial the record in the case against Pete Wells was introduced in evidence. It appears from the record that sentence had never been pronounced against Wells for the theft of the articles charged in this indictment, or in the indictment upon which he was tried. Our statute provides that "the accessory may in like manner be tried and punished before the principal when the latter has escaped; but if the principal is arrested, he shall be first tried, and if acquitted the accessory shall be discharged." Penal Code, 1895, Art. 90. The meaning of this article is evident—that if a principal is under arrest, and has not escaped, he must be tried and convicted for the offense of which the prisoner is charged of being an accessory. The question before us is whether or not Wells has ever been convicted, within the meaning of our statute upon this subject. It is true there was a verdict of the jury and a judgment thereon. Is this a conviction within the meaning of the laws of this State? At common law an accessory could not be tried until after the conviction of the principal, and while it was true that they could both be placed upon trial at the same time, yet the jury were re-required to convict the principal before they could convict the accessory. Divers statutes have been passed by parliament upon this subject, and the rule has been amended and modified to a very great extent in England; but in this State no act of parliament is law unless adopted by the legislature of our State. Let the common law be as it may, our legislature having spoken upon the subject, we must be governed by their acts. In Texas, if the principal be under arrest, no accessory (we do not mean an accomplice) can be tried until the principal has been tried and convicted. Hence the question, what is a conviction? This question of conviction has come before our court in several different aspects, under statutes in which the word "conviction" or "convict" has been construed. Code Crim. Proc., Art. 768, subdiv. 3, provides that "all persons who have been or may be convicted of felony in this State, unless such conviction has been legally set aside, or unless the convict has been pardoned for the crime of which he was convicted, can not be a witness." It has been held in a number of decisions that said statute, as construed, .authorized all persons to be witnesses until final sentence had been passed upon them; that is, that, notwithstanding a verdict of guilty by a jury and a judgment thereon, such a person was not under conviction, so as to render him incompetent to testify. See, Arcia v. State, 26 Tex. Crim. App., 193; Woods v. State, 26 Tex. Crim. App., 490. The word "convicted" has also been construed under our statutes with reference to elections. The statute provides that persons shall be authorized to vote unless con-

victed of felony. The term "convicted" here has been construed to mean "that a judgment of final condemnation has been pronounced against the accused." See, Gallagher v. State, 10 Tex. Crim. App., 469. And it has been held in a number of cases that the sentence was the final judgment in every felony case, and, unless there was such final judgment, that this court would not entertain an appeal. See, Code Crim. Proc., Art. 834, note 1, and authorities there cited. At common law it was held, prior to the enactment of the statute of Anne, when the law required the principal to be convicted before the accessory could be tried that there must be a final judgment or sentence of conviction of the principal before the accessory could be brought to trial. Mr. Bishop says: "So completely at common law is the accessory attached to his principal that if sentence is not passed on the latter's conviction (creating in the English law his attainder), no judgment can be pronounced against the accessory." See, 1 Bishop's Crim. Law, § 668. And it has been held that, in case of the death of the principal, the accessory could not be tried; and, under our statute, such has been the rule in our State. See, State v. McDaniel, 41 Texas, 229. So, it has been held that the reversal of a judgment against the principal will operate a discharge of the accessory. Marshes' case, 1 Leon., 325. And, further to enforce this construction or view, it has been held that the pardon of the principal will not have the effect to release the accessory; the very fact that the pardon is extended conveying the idea of a final conviction of the offense. Mr. Wharton, in speaking of this subject, says: "A prisoner does not waive his right to call for the record of such conviction by pleading. The conviction of the principal is not admissible evidence until judgment has been rendered on the verdict, and when the trials are concurrent there can be no judgment against the accessory until there is a sentence of the principal." See, 1 Whart. Crim. Law, § 237. Let us suppose that, when Pete Wells is brought before the court for sentence, and called upon to know whether he has anything to say why sentence should not be pronounced against him, he should make suggestions to the court which would justify the court in setting aside the verdict and judgment, and that the same was set aside; we would have this situation: a verdict and judgment set aside, and practically a new trial granted the principal, after the conviction of the accessory. Or suppose, as he would have a right to do, he should appeal to this court, and the judgment of the lower court be reversed; we would have practically a new trial granted the principal, with a final conviction of the accessory—that is, notwithstanding the statute requires the conviction of the principal first, we might have a case in which the accessory was finally convicted, and the principal might never be convicted. In our opinion, the statute was intended to prevent just this condition of things; that is, the final conviction of the principal before the accessory should be brought to trial. Because the record contains no final conviction of the principal, Pete Wells, or

either one of said principals, of the offense to which the appellant is alleged to have been an accessory, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*