HOUSTON KEEN, *Plaintiff in Error*, v. W. E. MURRAY, AS SHERIFF, *Defendant in Error.*

### Opinion filed January 28, 1918.

1. Under the statutes of this State where a justice of the peace is disqualified or unable from any cause to try any criminal case in which a warrant is made returnable before him, he may make an order that the cause be "transferred for other and further proceedings to the County Judge's Court," and thereupon the cause may be tried by the County Judge at the county seat, the County Judge having jurisdiction throughout the county, including the justice's district wherein the cause originated or was made returnable.

2. Errors of procedure in a criminal cause before a justice of the peace or the County Judge may be reviewed on proper appellate proceedings duly taken to the Circuit Court.

Writ of Error to Circuit Court for Lafayette County, M. F. Horne, Judge.

Judgment affirmed.

*C. C. Howell* and *J. Albert Breare,* for Plaintiff in Error.

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for Defendant in Error.

WHITFIELD, J.—In a petition presented to the Circuit Judge for a writ of *habeas corpus* it is in effect alleged that an affidavit was made before a justice of the peace of the Fourth Justice's District in Lafayette County, Fla., charging petitioner with larceny; that petitioner was arrested on the charge and required to give bond for his appearance to answer the charge in the court of the justice of the peace; that when the cause came on for trial the said justice of the peace made an order that he was disqualified to try the cause and that "the, same is hereby transferred for other and further proceedings to the County Judge's Court of Lafayette County, Florida;" that "on the 16th day of April, 1917, the cause came on to be heard upon the affidavit filed in the aforesaid Justice Court, in the County Judge's Court of Lafayette County, Florida, in the Town of Mayo, and not within the territorial limits of the aforesaid Fourth Justice of the Peace District of Lafayette County, Florida, and after the overruling by the court of divers motions and objections made by your petitioner, through his attorney, among which said motions and objections was an objection to be tried in said County Judge's Court because said court was without jurisdiction to try and determine the said cause; the said County Judge's Court of Lafayette County, Florida, proceeded with the trial of said cause, and then and there, after the jury sworn to try the said cause had found your petitioner guilty of larceny as charged in aforesaid affidavit, proceeded to and did render final judgment therein against your petitioner, in the words and figures, following: 'It is considered, ordered and adjudged, that the defendant, Houston Keen, for your said offense of which you have been found guilty, do pay a fine of $10.00 and costs, and in default thereof that you be confined in the county

jail for six months subject to the orders of the Board of County Commisisoners;'" that the county judge denied motions in arrest of judgment and for a new trial; that petitioner took a writ of error to the Circuit Court for the county; "that the said writ of error proceedings are still pending and that they have not been dismissed or otherwise disposed of and that your petitioner is informed and believes that his arrest and detention at this time is illegal and without warrant or authority of law;" that on the 18th day of September, A. D. 1917, he was arrested and taken into custody by W. E. Murray, Sheriff of Lafayette County, Florida, and that he is still in the custody of said sheriff, and that he is informed by said sheriff, and that he believes, that the warrant or pretended authority of the said sheriff for petitioner's arrest, is a commitment issued by the County Judge of Lafayette County, Florida, based upon the conviction and judgment hereinbefore referred to. That your petitioner is informed and believes that said commitment was illegally issued and that your petitioner is being deprived of his liberty illegally and without warrant or authority of law, and that upon a hearing before this court, your petitioner will be discharged from the custody of the said sheriff. Wherefore, your petitioner alleges that he is being illegally restrained of his liberty in the custory of the said W. E. Murray, Sheriff of Lafayette County, Florida, because of the following reasons: (a) because the County Judge's Court of Lafayette County, Florida, was absolutely without jurisdiction to try and sentence petitioner; (b) because there are appellate proceedings pending in said cause which are not disposed of or dismissed; (c) because the affidavit upon which petitioner was tried is illegal and void; (d) because his detention in custody is illegal and

deprived him of his constitutional rights. And petitioner prays that a writ of habeas corpus do issue herein, directed to the aforesaid W. E. Murray, Sheriff, and that this court discharge petitioner from further custody."

The Circuit Judge made the following order denying the application for a writ of *habeas corpus*: "Upon reading and considering this petition by the court it is ordered and adjudged by the court that writ of habeas corpus be and the same is hereby denied. Defendant excepts, and exceptions noted. The petitioner is hereby allowed a writ of error to the Supreme Court of Florida."

A writ of error was taken as allowed under the statute, and it is contended here that as the affidavit upon which the trial was had before the county judge was made before the justice of the peace and entitled and filed in the justice of the peace court, the county judge acquired no jurisdiction to try the defendant for the charge laid in the affidavit in that the order of the justice of the peace by which the cause was "transferred for other and further proceedings to the county judge's court," is not authorized by law. The argument is that as the warrant under which the petitioner was arrested was returnable before the justice of the peace who issued it and not before the county judge as could have been done under Section 4024 General Statutes, 1906, the cause "may be tried * * * before the county judge;" but that "a change of venue or transfer of a cause in a criminal case cannot be had from the court of a justice of the peace to the county judge's court of that county," the petitioner's theory being that the order of the justice of the peace that the cause *be transferred* to the county judge's court is illegal, and that the order should have been that the cause "be tried before the county judge."

Section 3900 General Statutes, 1906, is as follows:

"In case a justice of the peace be disqualified or unable from any cause to try any criminal case, the same may be tried before any other justice of the peace of the county, or before the county judge."

Under this section when a justice of the peace is disqualified or is unable to try a criminal cause the county judge may try the same; and he is not required to try the cause in the justice's district in which it originated; but the trial may be had at the county judge's office at the county seat, he having jurisdiction throughout the county. Sec. 3903, Gen. Stats. 1906; Sec. 4 Art. XVI Const.

The order made in this case is authorized by Section 3900, and is not in conflict with Section 1469 *et seq.* or other provisions of the General Statutes of 1906.

Where a justice of the peace is disqualified to try any criminal case it is appropriate that he should make an order stating his disqualification and ordering that the cause be transferred to the county judge's court of the county as was done in this case. When a justice of the peace makes such an appropriate order, the county judge has jurisdiction to try and determine the cause. See Sec. 1479 Gen. Stats. 1906. Where the justice is disqualified to try a criminal case Section 1470, General Statutes of 1906, relating to civil cases does not control.

In this case it appears that the county judge acquired jurisdiction of the cause in which the petitioner was defendant by the order of the justice of the peace stating his disqualification to try the cause and directing that it be "transferred for other and further proceedings to the county judge's court." Errors of procedure if any in the proceedings before the justice of the peace or the county judge may be reviewed on proper appellate proceedings duly taken to the Circuit Court. See Ex parte

Bowen, 25 Fla. 214, 6 South. Rep. 65; State v. Horne decided here January 25, 1918.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.