STATE OF FLORIDA, *ex rel.* CHARLES I. SANDS v. D. C. COLEMAN, as Sheriff of Dade County, Florida.

4 So. (2nd) 371
Division B
Opinion Filed October 31, 1941
Rehearing Denied November 20, 1941

*Hendricks & Hendricks,* for Plaintiff in Error;

*J. Tom Watson,* Attorney General, *Sidney Segall,* Assistant Attorney General, *Robert R. Taylor,* and *Thomas H. Anderson,* for Defendant in Error.

CHAPMAN, J.—On November 4, 1940, Charles I.

Sands was indicted by a grand jury of Dade County, Florida, for the crime of embezzlement. The indictment charged that he, on the 15th day of October, 1940, being an agent, clerk, servant and member of International Hod Carriers Building and Common Laborers Union of America, Local Chapter No. 864, did unlawfully embezzle the sum of $4,000.00, the property of the aforesaid Union.

On April 17, 1941, Charles I. Sands petitioned the Circuit Court of Dade County, Florida, for the issuance of a writ of habeas corpus. The petition alleged that the petitioner was being unlawfully detained by the Sheriff of Dade County, Florida, under a capias based on an indictment for embezzlement rendered by a grand jury of said County. It is contended (1) that the information upon which the indictment was obtained was contrary to and in violation of the provisions of Sec. 8311 C.G.L.; (2) the indictment is based on information unlawfully obtained, being a subpoena *duces tecum* which required the presence of the petitioner and J. Monroe Cox and commanding or directing that they bring with them all books of account, ledgers, journals, minute books and membership list of local Union No. 850; that the deputy sheriff, in the service of the subpoena over the protest of the petitioner, took the aforesaid records to the grand jury; (3) that an auditor was obtained and the records were audited and on his report the grand jury based its indictment; (4) that the unlawful seizure of the aforesaid records under the subpoena *duces tecum* is in violation of the State and Federal Constitutions.

The lower court granted the writ of habeas corpus as prayed for, and the same was heard in the lower court on the petition, the return and traverse and on

oral motion to quash the writ, which was made and argued by counsel at the hearing. The petitioner obtained the presence of his witnesses and attempted to establish the material allegations of the said petition. Counsel for the petitioner read into the record a partial proffer of such testimony as he desired to establish in support of the allegations of the petition, and due consideration thereof has been given by this Court. The writ was quashed by the lower court and the petitioner remanded to custody under the aforesaid capias. Writ of error was granted to review said remand order by this Court.

The record here fails to disclose a plea by the petitioner to the indictment of embezzlement. The indictment has been carefully examined and we fail to find fatal defects therein. It appears for all intents and purposes to be an indictment regular in form and valid on its face and charges a crime under a lawful statute. Habeas corpus cannot be employed to discharge the function of a writ of error.

Counsel for petitioner pose a number of questions for decision on this appeal, but the ruling of the lower court in which it refused or declined to hear testimony to sustain the allegations of the petition for the writ is the crux of the controversy. We have presented to us a procedural question rather than a question of substantive law.

We fail to find in the record a proceeding, or any effort whatever, to obtain an order of the lower court on the legal sufficiency of the process under which the books and records of the Union were placed before the grand jury and upon which it has been made to appear that the challenged indictment was predicated. See Coleman v. State *ex rel.* King, 134 Fla. 802, 184

So. 334. The benefits and privileges provided for by Sec. 8311 C.G.L. were raised by plea in abatement in State v. Hancock, 146 Fla. 693, 1 So. (2nd) 609.

' It is here contended that the lower court erred when it declined to hear and consider the evidence and proffers of the petitioner to establish the material allegations of the petition for the writ. The fallacy of this contention is that counsel assumes that all the testimony offered to support the crime rests on the records of the Union, which it is asserted were unlawfully obtained. It is well established that there are two sides to a law suit and the prosecuting attorney is entitled to the right to offer additional testimony. We do not think the petitioner below has brought himself within the rule enunciated by this Court in McCreary v. State *ex rel.* Harrison, 124 Fla. 330, 168 So. 422; Brown v. Watson, 116 Fla. 56, 156 So. 327; McLeod v. Chase, 95 Fla. 736a, 116 So. 858.

The next question for adjudication is: Can a court on a habeas corpus proceeding take testimony to determine whether or not probable cause exists in support of the indictment as presented by a grand jury? Sec. 5441 C.G.L. directs that a person charged with a crime shall be brought before the court without delay and the court shall make an inquiry into the cause of his detention and shall either discharge him, admit him to bail, or remand him to custody, as the law and evidence shall require.

The case of White v. Penton, 92 Fla. 837, 110 So. 533, was a habeas corpus proceeding. The petitioner was committed to jail by the County Judge's Court of Escambia County, Florida, under an affidavit and warrant making it unlawful under a Florida statute to have in his possession mullet of a size smaller than ten inches in length. The petitioner in a habeas

corpus proceeding sought an order discharging him from custody, when this Court held that the offense was sufficiently charged in the affidavit and warrant and while possession of mullet lawfully acquired in the State of Alabama and imported to Florida was not a criminal offense under the provisions of the Statute under which petitioner was held and this defense was unavailing as to the legality of the petitioner's detention under the charge appearing in the affidavit and warrant and whether or not the defendant was guilty of the offense charged, could not be weighed or considered in a habeas corpus proceeding, when the indictment appeared to be regular and valid on its face and the Act under which the charge was preferred remained unchallenged. This Court, speaking through Mr. Justice STRUM, in part, said (text 92 Fla. 845):

". . . The object of the writ of habeas corpus is not to determine whether a person has committed a crime, or the justice or injustice of his detention on the merits, but whether he is legally imprisoned, or restrained of his liberty. Horner v. U. S., 143 U. S. 57, 36 L. Ed. 266; *Ex parte* Crouch, 112 U. S. 178, 28 L. Ed. 690; Cross v. Foote, 88 S. E. Rep. 594; Crowley v. Gannon, 186 Pac. Rep. 117; People v. Quigley, 134 N. Y. Supp. 953, 29 C. J. 24. The use of the writ of habeas corpus to test the sufficiency of the evidence upon which a charge may have been based is not sanctioned by this Court. State v. Vasquez, 49 Fla. 126, 38 South. Rep. 830. See also *Ex parte* Prince, 27 Fla. 196, 9 South. Rep. 659, and In re: Robinson, 73 Fla. 1068, 75 South. Rep. 604. Nor is that writ available to review the sufficiency of a substantive defense. See: Hass v. Hinkle, 216 U. S. 462, 54 L. Ed.

569; In Re: Corum, 62 Pac. Rep. 661, 12 R.C.L. 1244. . . ."

See Dukes v. State, 81 Fla. 247, 88 So. 474; Keen v. Murray, 75 Fla. 154, 77 So. 855; *Ex parte* Knight, 52 Fla. 144, 41 So. 786; 120 Am. St. Rep. 122; Bronk v. State, 43 Fla. 461, 31 So. 248, 99 Am. St. Rep. 119; *Ex parte* Senior, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133; *Ex parte* Bowen, 25 Fla. 214, 6 So. 65; *Ex parte* Hunter, 16 Fla. 575.

We fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

BROWN, C. J., TERRELL and THOMAS, J. J., concur.