## STATE *against* I. S. S.

The State Attorney's prerogative of entering a *nolle prosequi* to an indictment, is suspended whilst the person charged *is on trial* He cannot then enter without leave of the Court, who will not grant it when the defence appears to be ample.

THIS was an indictment for forgery. The defendant shewed in evidence a complete defence.

Mr. Attorney now moved to enter a *nolle prosequi.*

Counsel for the defendant objected. We apprehend a *nolle prosequi* cannot be pleaded in bar to a subsequent indictment for the same offence. We consider our defence so ample and conclusive, that we are entitled to a verdict, and entry of judgment, *eat sine die,* that by plea of *auterfoits acquit,* we may be enabled to set this illiberal prosecution for ever at rest.

*Per Curiam.* We consider the State Attorney's prerogative of entering a *nolle prosequi* to be suspended while the cause is in issue to the Jury. He cannot then enter without leave of Court.

State
v.
I. S. S.

The defence here is ample and honourable to the accused. He is entitled to a verdict. Let the trial proceed.

The Jury returned a verdict of *non cul.* and defendant was discharged.

*David Fay*, for the State.
*Royall Tyler*, for defendant.