### COMMONWEALTH *vs.* ROBERT STEDMAN.

On the trial, in the court of common pleas, of a complaint made to a justice of the peace, which contained six counts, charging the defendant with selling spiritous liquor, without license, in the open air, the jury returned a verdict that the defendant was guilty of the charge contained in the third count, and stated that they had not agreed as to the other counts. *Held*, that the attorney for the Commonwealth, with leave of the court, might enter a *nol. pros.* as to the other counts, without the defendant's consent, and that judgment might be rendered on the third count.

THIS was a complaint, made to a justice of the peace, wherein the defendant was charged, on the Rev. Sts. *c.* 143,

§ 5, with selling spiritous liquor, without license, in the open air, &c.  The complaint contained six counts, and the defendant was found guilty, on all of them, by the justice, and was sentenced to four months' imprisonment.  He appealed to the court of common pleas, and a trial was there had, at the February term, in 1846, before *Colby*, J. who signed a bill of exceptions, of which the following is a part : " The jury returned their verdict into court, that the defendant was guilty of the charge contained in the third count, and that they had not agreed as to the other counts. The defendant objected, that no judgment could be rendered on this verdict, and moved the court to set aside the verdict, and grant a new trial.  The attorney for the Commonwealth moved for leave to enter a *nolle prosequi* as to all the counts except the third, and for sentence and judgment on that count ; and thereupon he did file a *nolle prosequi* as to all the counts except the third, and it was ordered that judgment be rendered thereon, and the defendant sentenced."

This case was argued and decided at the last September term.

*Byington*, for the defendant.  The court had no power to take the case from the jury, in the manner in which it was done.  The defendant had a right to a verdict on all the counts.  The district attorney cannot enter a *nol. pros.* in a case like this.  *Commonwealth* v. *Tuck*, 20 Pick. 356. *Rex* v. *Butterworth*, Russ. & Ry. 520.  A verdict on part of the complaint, leaving the rest unsettled, cannot be received without the defendant's consent.

*Porter*, (District Attorney,) for the Commonwealth.  The court might well have received the verdict on one count without a *nol. pros.* although the jury did not agree as to the others.  *Commonwealth* v. *Wood*, 12 Mass. 313.  *Inhabitants of Sutton* v. *Inhabitants of Dana*, 1 Met. 383.  *French* v. *Hanchett*, 12 Pick. 15.  *The State* v. *Woodruff*, 2 Day, 504.  But the *nol. pros.* was rightly entered; and as it was for the defendant's benefit, he has no cause of complaint. *Commonwealth* v. *Briggs*, 7 Pick. 177.  *Commonwealth* v.

*Tuck*, 20 Pick. 356. See also 2 Hawk. *c.* 47, § 9, *note.* 1 Chit. Crim. Law, 249, 640. *The State* v. *Whittier*, 8 Shepley, 341.

The only case, perhaps, in which a *nol. pros.* cannot be entered, without the defendant's consent, is where the cause has been committed to the jury, and the government fail to prove the defendant's guilt, or he makes out a clear defence. *Commonwealth* v. *Wade*, 17 Pick. 395. *The State* v. *I. S. S.* 1 Tyler, 178. *The State* v. *Roe*, 12 Verm. 109.

THE COURT overruled the exceptions.