STATE v. CLARA CHAMPEAU.

*Drawing of Grand Jurors. Gen. Sts. c. 37, s. 5. Nolle Prosequi in Trial on Former Indictment.*

In drawing the names of persons to be summoned as grand jurors, the clerk, at his office, in presence of the sheriff and by his direction, drew from a proper box kept for such purpose, wherein he had previously placed them, pieces of paper with numbers thereon corresponding to numbers that had been entered in the town records with the names of persons theretofore duly nominated and chosen for such service, and laid them before the sheriff with the blank sides uppermost. The sheriff "selected by lot" therefrom pieces to the number of the grand jurors desired, and ascertained the names thereby designated by examination of the records. *Held,* that although the drawing was not strictly in accordance with the statute, yet as the persons drawn were among those who had been regularly nominated, &c., and were, so far as appeared, proper persons to be drawn, and as there was no appearance of any wrong or fraud, the irregularity would not vitiate an indictment by a grand jury of which such persons were a part.

After a trial on indictment had been opened to the jury, but before verdict, a *nolle prosequi* was entered by permission of the court. *Held,* no bar to a second indictment for the same offense.

INDICTMENT for keeping a house of ill-fame, brought at the September Term, 1879. The respondent pleaded that the names of three of the persons who acted as the grand jury by which the indictment was found, residents of the city of Burlington, and summoned as such, were not drawn out of the box containing the names of the persons nominated, but were drawn by the sheriff "by selecting from a package of numbered cards presented to him by the city clerk of said city three certain numbers seen by said sheriff at the time of said drawing, which numbers so drawn corresponded with the numbers set opposite the names" of said three persons in the public records of the proceedings of the board of aldermen of said city, and "not drawn or selected in any other way." The State replied that before said drawing the names of the persons nominated and agreed upon to serve as grand jurors were duly entered in said records with a particular number to each name ; that said numbers were written by the city clerk on separate pieces of paper, which were put into a box appropriate

40

for the purpose of keeping the names of grand jurors, which was kept in his office for that purpose ; that among those names were the names of the three persons in the plea mentioned ; that " on such drawing " the sheriff repaired to said clerk's office, where the clerk, in his presence and by his consent and direction, took from said box all said pieces of paper, and laid them on a table before the sheriff, with the numbers on the under side and so that they were concealed from the sheriff, and the sheriff " selected by lot from all such pieces of paper three of said pieces which bore the several numbers corresponding to the names " of said three persons ; that the sheriff thereupon, without knowing what names such numbers indicated, verified them and ascertained the names thereby designated by examination of the records, and summoned said three persons. The respondent demurred. The court, POW-ERS, J., presiding, overruled the demurrer, and rendered judgment of *respondeat ouster ;* to which the respondent excepted.

The respondent then pleaded not guilty, and a trial was had by jury. The indictment charged the commission of the offense from July 1, 1877, to the time of the finding of the indictment on September 24, 1879. The State offered evidence " tending to establish the charge of the indictment prior to September 30, 1878." The respondent objected to its admission, for that, at the September Term, 1878, she was put upon trial before a jury on a plea of not guilty to an information charging the same offense, as committed between January 5 and September 30, 1878, and that, after evidence had been introduced, " the court permitted " an entry of *nolle prosequi.* The court found the facts to be as indicated by the objection, but ruled that those proceedings did not preclude proof of facts tending to show the commission of acts within the time covered by that information. To that ruling the respondent excepted.

Verdict of guilty.

*E. F. Brownell* and *Robert Roberts,* for the respondent.

The drawing of names was not in compliance with the statute ; and the plea was good. Gen. Sts. c. 15, s. 90, c, 37, s. 5 ; *Mann* v. *Fairlee,* 44 Vt. 672.

After the jury have been sworn, &c., a *nolle prosequi* can be entered only by leave of court. *State* v. *I. S. S.* 1 Tyl. 178 ; *State* v. *Rowe*, 12 Vt. 93. What would be the effect of such a proceeding on a subsequent prosecution for the same offense, has not been decided in this State. Here, it is to be noticed, the court permitted the entry to be made. By that it is to be understood that the court did not volunteer to object. The respondent was " put in jeopardy." 1 Whart. Crim. Law, ss. 574–591. The withdrawal of a criminal case on trial by entry of a *nolle prosequi*, though by consent of the court, operates as an acquittal. 1 Whart. Crim. Law, s. 513 ; Freem. Judgments, s. 318 ; *Mount* v. *State*, 14 Ohio, 295 ; *State* v. *McKee*, 1 Bailey, 651 ; *People* v. *Barrett*, 2 Caines, 304 ; *United States* v. *Shoemaker*, 2 McLean, 114 ; *United States* v. *Farring*, 4 Cranch C. C. 465 ; *Commonwealth* v. *Cook*, 6 S. & R. 577 ; *Wright* v. *State*, 5 Ind. 290 ; *Weinzorpflin* v. *State*, 7 Blackf. 186 ; *Reynolds* v. *State*, 3 Kelly, 53 ; *Klock* v. *People*, 2 Parker C. C. 676 ; *Morgan* v. *State*, 13 Ind. 215.

*H. S. Peck*, State's attorney, and *M. R. Tyler*, for the State.

The plea in abatement is insufficient, because it does not state that the jurors participated in the deliberations and finding of the grand jury, nor that their concurrence was necessary to the finding of a true bill. Gen. Sts. c. 37, ss. 14, 15 ; *State* v. *Symonds*, 36 Me. 128, and cases *passim*. The replication shows that the names were selected and drawn in compliance with the provisions of the statute. But the statute is directory. Gen. Sts. c. 15, s. 90, c. 37, ss. 5–7 ; *State* v. *Davis*, 14 La. An. 678. Compliance with its spirit is all that is required. *People* v. *Rodriguez*, 10 Cal. 50 ; *Kitral* v. *State*, 9 Fla. 9 ; *State* v. *Adams*, 20 Iowa, 486. Any irregularity in the drawing of a grand jury will not vitiate the proceedings, if there be no fraud. *Commonwealth* v. *Thompson*, 4 Leigh, 667 ; *Baldwin's Case*, 2 Tyl. 473.

The former proceedings would have constituted no bar had they been pleaded ; and the objection was properly overruled. Train & H. Prec. Ind. 484, 485 ; 1 Russ. Crimes, ss. 836, 837, note. The objection came too late. *State* v *Woodruff*, 2 Day,

504. The respondent was not put in jeopardy in the former proceedings. Twice put in jeopardy means, "twice tried for the same offense." *People* v. *Goodwin*, 18 Johns. 187; 1 Whart. Crim. Law, s. 573, *et seq.* If the *nolle prosequi* could be considered as an acquittal, the case does not show such an acquittal as would bar a trial on a new indictment for the same offense under chapter 111, Gen. Sts. The offense must be the same in law and in fact. *Commonwealth* v. *Curtis*, Thacher Crim. Cas. 206. Here it is not the same " in law and in fact." 1 Ben. Lead. Cas. 532, *et seq.; Commonwealth* v. *Clair*, 7 Allen, 525; *Commonwealth* v. *Roby*, 12 Pick. 496. Whether the court could allow a *nolle prosequi* to be entered, cannot be questioned, unless it amounted to an acquittal, and, if it did, it should have been pleaded. But the court had a right to allow such an entry at any time before the case was submitted. If the court had such right, such entry would be no bar to a new indictment for the same offense. *Commonwealth* v. *Wheeler*, 2 Mass. 172; *Commonwealth* v. *Kimball*, 7 Gray, 328; *State* v. *Thornton*, 13 Ired. 257; *State* v. *I. S. S.*, 1 Tyl. 178; *State* v. *Roe*, 12 Vt. 93; *Commonwealth* v. *Gould*, 12 Gray, 173; *State* v. *Hodgkins*, 42 N. H. 474. If the court had not such power, the respondent could take advantage of its error by exceptions to its ruling only. Having taken no exception, she is concluded. 1 Bishop Crim. Law, s. 1041, *et seq.* The court can in its discretion discharge a jury at any time during trial, and if done before verdict, it does not amount to an acquittal. *O'Brian* v. *Commonwealth*, 6 Bush, 563; *State* v. *Woodruff, supra ; Commonwealth* v. *Purchase*, 2 Pick. 520; *Commonwealth* v. *Bowden*, 9 Mass. 494; *United States* v. *Perez*, 9 Wheat. 579.

The opinion of the court was delivered by

VEAZEY, J. The method of drawing the three jurors named in the plea was not strictly according to the statute. It seems to have been an attempted improvement on the statutory method. The officers engaged in it will serve the public better by adhering to the statutes in the discharge of this public duty, than by deviations therefrom with a view to improvements, or with any other view. But it appears that the persons drawn in this case were among

those regularly chosen, and it does not appear but that the drawing was fair, or that the persons drawn were not proper persons to be drawn, or that any wrong or injury has resulted, or that there was any fraud or collusion. We therefore think the method of drawing was not such an irregularity as to vitiate the indictment.

As to the effect of a *nolle prosequi*. It seems the rule is not the same in all the states. In New Hampshire it is held that a plea of *autrefois acquit*, made by a defendant in due form indicted for a crime or misdemeanor, alleging that he has formerly been tried and acquitted of the offense, would be good. But to be a bar the acquittal must have been by trial. There must be an acquittal of the offense charged in law and in fact, by a verdict of a jury, on a valid indictment, or by some competent tribunal that has jurisdiction of the offense. *State* v. *Hodgkins*, 42 N. H. 474. In North Carolina a *nolle prosequi* does not amount to an acquittal of the respondent, but he may be again prosecuted for the same offense. *State* v. *Thornton*, 13 Ired. 256. The same has been plainly recognized as the law of this State where the court has had occasion to allude to the question. See *State* v. *I. S. S.*, 1 Tyl. 178; *State* v. *Roe*, 12 Vt. 93, 109. In the latter case COLLAMER, J., says: " The *right* of the government attorney to enter a *nolle prosequi* is suspended when trial commences to the jury. After that, the power is to be exercised only by permission of the court. The court in granting permission will exercise its judicial discretion. If the case appear a clear one for the respondent, the court will not give the permission, as he is entitled to a verdict of acquittal. If the case appear against the accused, he can have no objection to a *nolle prosequi*."

The judges holding the present term understand that it has always been the universal view and practice of the judges who have administered the law in the County Courts in this State, that a *nolle prosequi* entered at any stage of a trial before verdict by order of the court was not a bar to another indictment for the same offense. This rule, so long recognized as the law and followed as a rule of practice in the County Courts, has our approval. Neither is it peculiar to this State. See cases *supra ;* also 1 Whart. Crim. Law, ss. 513, 573, and cases cited in notes ;

*Hassell* v. *Nutt*, 14 Texas, 260; *People* v. *Goodwin*, 18 Johns. 187; *Cmmonwealth* v. *Wheeler*, 2 Mass. 172.

The result is that the respondent's exceptions are not sustained, and she takes nothing thereby.