## UNITED STATES v. ALLEN.

District Court, W. D. Louisiana, Shreveport Division.    February 16, 1927.

No. 4520.

1. **Grand jury ⬥8—Order held to authorize drawing of grand jurors by clerk and jury commissioner in presence of marshal.**

An order for drawing of grand jurors, though not expressly directing by whom it should be done, *held* to authorize it to be done by the clerk or his deputy and the jury commissioner for the division, in the presence of the marshal or his deputy, that having been the practice, with the approval of the court, for many years.

2. **Indictment and information ⬥140(2)—In prosecution of assistant postmaster for embezzlement of funds, court cannot assume in support of demurrer that post office was of particular class (Pen. Code, § 225 [Comp. St. § 10395]).**

Where an indictment under Penal Code, § 225 (Comp. St. § 10395), charged defendant with embezzlement while employed as assistant postmaster in a post office named, the court cannot assume, in support of a demurrer, that the post office was one of a class in which an assistant postmaster was not authorized.

Criminal prosecution by the United States against Grover C. Allen. On demurrer to indictment, motion to quash, and plea in abatement. Overruled.

Philip H. Mecom and J. Fair Hardin, both of Shreveport, La., for the United States.

J. M. Grimmet and Frank J. Looney, both of Shreveport, La., for defendant.

DAWKINS, District Judge. The defendant in this case is charged in a bill of indictment with a violation of section 225 of the Penal Code (Comp. St. § 10395), covering embezzlement of postal funds by a "postmaster or other person employed in or connected with any branch of the postal service. * * *" The bill consists of six counts; Nos. 1 and 4 charging embezzlement, while the remaining counts charge a failure to deposit and to account for the funds when demanded, as required by the statute in question. Defendant has filed three separate pleas, to wit, a demurrer, motion to quash, and plea in abatement.

[1] The plea last mentioned will be disposed of first. It is alleged that there was no order or rule of court designating the person or persons to draw the grand jury from the box. The statute does name the officers who shall place the names in the jury box. Neither in the order entered at the direction of the court nor by any formal rule of court has a particular officer been designated to draw and make the list of names of grand and petit jurors. The order issued by the court for drawing the grand jury in the present case, which was entered in open court upon the minutes, reads as follows:

"Order to Draw Grand Jury for the Shreveport February, 1926, Term.

"Upon motion of Mr. Philip H. Mecom, United States attorney, it was ordered by the court that thirty (30) persons possessing the necessary qualifications of jurors be drawn from the Shreveport division at large of the Western district of Louisiana, to serve as grand jurors for the regular February, 1926, term of the United States District Court for the Western District of Louisiana, Shreveport Division, to be held in the city of Shreveport, Louisiana, in said district; and it was further ordered that said grand jurors be cited to appear at the United States court-

house at Shreveport, Louisiana, on the 15th day of February, A. D. 1926, at 10 o'clock a. m."

For many years juries have been drawn by the clerk, or his duly qualified deputy, and the jury commissioner for the particular division, in the presence of the marshal or his deputy. For this purpose there has been prepared and is invariably used a printed form of procès verbal. This method has had the recognition and approval of this court through all this time. All of these persons, of course, are under official oath, and the procedure I think, has become so well established and understood that the order above quoted must be construed, in the light of these facts, as meaning that the clerk and commissioner should draw the jury in the presence of the marshal or his deputy, as was done, without the necessity of a specific order to that effect.

Certainly no outsider, unconnected with the court, could act under such order, but here the duty has been performed by the two officers which the law names to select and place the names of jurors (grand or petit) in the box, and while it has been held that, since the statute does not specifically provide who shall draw the names to constitute a particular grand or petit jury, the court may direct the same to be done by the marshal or clerk in open court, nevertheless, in my opinion, the two officers in question, clerk and jury commissioner, may either by express order, or by established practice known to and approved by the court, and with respect to which the order for the drawing of the jury had been given, be authorized to perform such duty. See Kie v. U. S. (C. C.) 27 F. 357; U. S. v. Greene (D. C.) 113 F. 683; U. S. v. Matthews (C. C. 1843) Fed. Cas. No. 15,741b; U. S. v. Ambrose (C. C.) 3 F. 286; U. S. v. Eagan (C. C.) 30 F. 609; U. S. v. Nevin (D. C.) 199 F. 831; Hyde v. U. S., 225 U. S. 373, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614.

[2] The demurrer and motion to quash, being addressed mainly to the same points, will be disposed of together. It is urged that, because defendant's connection with the post office is alleged to have been in the capacity of an assistant postmaster, and no such office is provided for or recognized by the acts of Congress in fourth-class offices, the bill failed to allege such an official or authorized connection with the post office as to make him guilty of embezzlement of funds coming into his hands.

The first count of the indictment reads in part as follows:

That "one Grover C. Allen, * * * the said Grover C. Allen being then and there a person employed in or connected with a branch of the postal service, to wit, assistant postmaster in the post office of the United States at Sarepta, Louisiana, did knowingly, willfully, feloniously, and unlawfully use and convert to his own use and benefit certain money which had theretofore come into his, the said Grover C. Allen's, hands and under his control in the execution of his office as assistant postmaster aforesaid. * * *"

Counts 2 and 3 charge him with failing to deposit moneys received according to law, and with failing and refusing to account for or to turn over to the proper officer the said funds when demanded. The first three offenses are laid as of October 22, 1924. The fourth count charges the embezzlement of a further sum under date of January 10; 1925, while counts 5 and 6 are similar in terms to those of 2 and 3, except as to dates and amounts. In both the substantive charges of embezzlement the language quoted above is used, but in all others the defendant is referred to as assistant postmaster.

Counsel for defendant asserts that the court may take judicial cognizance of the class to which the Sarepta post office belongs, but cites no authority in support thereof; neither have I been able to find anything to support that assertion. It would appear from an examination of the statutes (Comp. St. §§ 7188–7271) that post offices are classified according to their gross receipts and the pay of the postmasters. Comp. St. § 7218 (Act March 3, 1883, § 2, 22 Stat. 602), fixes the compensation of postmasters of the fourth class as a percentage of the receipts of the office, but, when the same reach a maximum of $250 per quarter for four quarters consecutively, then the fact must be reported to the Postmaster General, who shall assign the office to its proper class, and fix the salary of the postmaster as provided by section 1 of this act (Comp. St. 7217).

Section 1 fixes the salaries of all postmasters of the first, second, and third classes likewise upon the receipts, but at stipulated sums per year, instead of upon commission basis. In these circumstances, considering these pleas have been urged upon the face of the bill, I do not think I am justified in assuming that the office in question belongs to the fourth class, any more than to the third class. Holding this view, I deem it

unnecessary to determine at this time the question of whether or not there can be an assistant postmaster or other clerical help charged with the duty of handling postal funds in a fourth-class office.