## UNITED STATES v. SEIDMAN et al.
### No. 6420.

District Court, M. D. Pennsylvania.
Nov. 14, 1930.

D. Heywood Hardy, Sp. Asst. to Atty. Gen. and Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa.

Abram Salsburg, of Wilkes Barre, Pa., and J. W. Crolly, of Philadelphia, Pa., for defendants.

WATSON, District Judge.

The defendants were indicted on June 13, 1930, for violation of section 37, Penal Code (title 18, § 88, USCA) (Conspiracy to Commit an Offense against the United States). Franklin J. Graham and Joseph Eisenberg, two of the defendants, have filed motions to quash, and in each case a rule was granted to show cause why the indictment should not be quashed. The government attacks the legal sufficiency of the motions by demurrers.

The motions to quash in each instance contain the following allegations in paragraphs 1 and 2:

"1. That no legal or competent evidence was presented to the Grand Jury to support the charge laid in the indictment."

"2. That during the presentation of the evidence upon which the indictment in this case was found, there were present in the Grand Jury room persons other than those authorized under the law to be within said room."

The affidavit supporting each motion is in the following language:

"Franklin J. Graham (Joseph Eisenberg), being duly sworn according to law, deposes and says that the facts set forth in the foregoing motion are true and correct to the best of his knowledge and belief, and that said motion· was not prepared and filed for the purpose of delay, but because he verily believes that injustice has been done."

∘ Neither the motions nor the affidavits set out the grounds of knowledge or belief, and the court is without knowledge as to how the defendants acquired their belief.

The first and second paragraphs of the motions are weakened by the affidavits, and amount to nothing more than a statement by the defendants that they believe that no legal or competent evidence was presented to the grand jury to support the charge, and that they. believe that, during the presentation of the evidence upon which the indictment was found, there were present in the grand jury room persons other than those authorized under the law to be within said room. If this were enough, in many cases the defendant would object to being tried on the indictment, and would support his objection by his affidavit that he believed the grand jury acted upon incompetent evidence, or that there was no legal or competent evidence presented to the grand jury, or that he believed that there were present in the grand jury room during the presentation of the evidence persons other than those authorized under the law to be within said room. If it developed that there was competent evidence and that the persons in the grand jury room were only those authorized under the law to be there, the defendant would have the government's case in advance, and the door would be open to abuse and an intolerable practice. No case has been cited which upholds that motions to quash, founded upon allegations of fact dehors the record, are sufficient when on information and belief. The reasons which have caused the courts to hold that such a motion to quash, based upon information and belief, is not sufficient, are set forth in a number of cases. U. S. v. Morse et al. (D. C.) 292 F. 273; U. S. v. Brown, 24 Fed. Cas. No. 14671; U. S. v. Nevin et al. (D. C.) 199 F. 831; Olmstead v. U. S. (C. C. A.) 19 F. (2d) 842, 53 A. L. R. 1472.

In Kastel v. United States, 23 F.(2d) 156, 158, L. Hand, Circuit Judge in the United States Circuit Court of Appeals, Second Circuit, said: "The only evidence to support the motion to quash was the defendant's affidavit on information and belief that the grand jury had no competent evidence upon which to indict him. If this were enough, we should be obliged to try over the proceedings before the grand jury in every case. If it turned out that there was competent evidence, the accused would none the less have the prosecution's case in advance to contrive against at his leisure. In any event the trial would be complicated to an inordinate extent, and our criminal procedure become even more unwieldy, dilatory, and uncertain. We agree with the rulings in the Eighth Circuit, never insensitive to the protection of personal rights. McKinney v. U. S., 199 F. 25; Murdick v. U. S., 15 F.(2d) 965. See, also, U. S. v. Morse (D. C.) 292 F. 273, 278; U. S. v. Reed, Fed. Cas. No. 16,134; U. S. v. Cobban (C. C.) 127 F. 713."

In the fourth paragraph of the motion to quash, the defendants allege that the indictment fails to set forth the time and place where the alleged conspiracy was entered into and formed. In the fifth paragraph, the defendants allege that the indictment fails to set forth that said conspiracy was entered into and formed within the jurisdiction of this court.

I find that the indictment charges in plain and concise language that the defendants did, at a time and place to the grand jurors unknown, knowingly, unlawfully, and feloniously conspire, combine, confederate, and agree together and with one another, and with divers other persons to the grand jurors unknown, to possess certain property designed and intended by said defendants for the manufacture of intoxicating liquor, to manufacture intoxicating liquor, to possess intoxicating liquor, and to sell intoxicating liquor, in violation of the National Prohibition Act (title 27, USCA); that said unlawful conspiracy, combination, confederation, and agreement continued in existence to the 18th day of June, 1928, and was carried on and into the county of Clinton, in the middle district of Pennsylvania, and within the jurisdiction of this court; and the grand jurors find and present that certain overt acts were committed to effect the objects of this conspiracy. This form of indictment has often been approved by the courts. Rubio v. United States (C. C. A.) 22 F.(2d) 766; Ford v. U. S. (C. C. A.) 10 F.(2d) 339.

The government should not be required to specify the particular time and place of the formation of the conspiracy. Speaking generally, the government can have no knowledge of that, and to require it to specify the particular time and place and limit the proof to that time and place would

180

defeat nearly all prosecutions under the act. I am satisfied that the indictment and the overt acts sufficiently. fix the time and place of the formation of the conspiracy, and that it was entered into within the jurisdiction of this court. Fisher v. U. S. (C. C. A.) 2 F. (2d) 843; Woitte v. U. S. (C. C. A.) 19 F. (2d) 506; Rubio v. U. S., supra.

In paragraph 7 of the motion to quash, the defendants allege that the indictment is duplicitous, in that more than one conspiracy is charged therein.

The indictment charges a continuous conspiracy over a period up to and including the 18th day of June, 1928, involving a number of persons in a number of different places. The indictment charges but one conspiracy. "The conspiracy is the crime, and that is one, however diverse its objects." Frohwerk v. U. S., 249 U. S. 204, 39 S. Ct. 249, 252, 63 L. Ed. 561.

Mr. Chief Justice Taft, in delivering the opinion of the court in Ford v. U. S., 273 U. S. 593, 47 S. Ct. 531,.534, 71 L. Ed. 793, stated: "Next it is said that the indictment is bad for duplicity. It charges a continuous conspiracy by the defendants, at the Bay of San Francisco, between January 1, 1924, and the date of finding the indictment, to import into the United States intoxicating liquor in violation of its laws. It mentions two of such laws, and, as section 37 of the Criminal Code requires, it describes several overt acts in pursuance of the conspiracy alleged. The charge is unitary in relating to one continuous conspiracy, although in proof of it different circumstances constituting it and overt acts in pursuance of it are disclosed. This does not constitute duplicity. Frohwerk v. United States, 249 U. S. 204, 210, 39 S. Ct. 249, 63 L. Ed. 561; Joplin Co. v. United States, 236 U. S. 531, 548, 35 S. Ct. 291, 59 L. Ed. 705."

The motion to quash raises eight objections. I have discussed in this opinion five of these objections. I deem it unnecessary to discuss the other objections. I consider them without merit. The indictment in this case informs the defendants in great detail of the offenses with which they are charged, and states facts sufficient to charge the defendants with an offense against the United States.

Now, November 14, 1930, the demurrers to the motions to quash are sustained, the motions filed by defendants to quash the indictment are dismissed, and the rules to show cause why the indictment should not be quashed are discharged.