## UNITED STATES v. SIEBRECHT et al.

District Court, E. D. New York.
Nov. 21, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Henry G. Singer, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Meier Steinbrink, of Brooklyn, N. Y., for defendants Wagner, Allen, and Graff.

William J. Wilson, of Brooklyn, N. Y., for defendants Pallante, Illing, Nast, Klovrza, Plump, and Link.

Robert S. Johnstone, of New York City, for defendant Siebrecht.

GALSTON, District Judge.

The defendants Wagner, Allen, Graff, Pallante, Illing, Nast, Klovrza, Plump, and Link move for an order permitting them to inspect the grand jury minutes upon which this indictment is based, or, in the alternative, that the court itself inspect the minutes, and for an order dismissing the indictment, as founded on illegal, incompetent, and insufficient evidence.

The defendant Siebrecht pleads in abatement and in bar that the evidence presented to the grand jury was illegal and insufficient and in violation of the legal and constitutional rights of the defendant.

On the argument of the various motions, but one affidavit was presented on behalf of the defendants, that of Harold M. Kennedy, verified November 19, 1930. In this affidavit Mr. Kennedy recites on his own knowledge that a previous indictment filed against these defendants had been quashed by this court on a demurrer by the defendants which was sustained by the court; that the original indictment was found by the June, 1930, grand jury of this court, and that the present indictment was presented by the November, 1930, grand jury, a totally different body. The affidavit contains the following: "Deponent states that no new evidence of any fact was presented to the new (November) Grand Jury and no competent evidence of any kind was presented to the November Grand Jury. The minutes of the witnesses' testimony before the June Grand Jury was merely read to the November Grand Jury."

When counsel at the argument referred to this affidavit, the court inquired whether there was anything in the affidavit which showed how Mr. Kennedy obtained his knowledge. A reading of the affidavit fails to show how that information was obtained. The court takes judicial notice that Mr. Kennedy could not have been present at any session of the grand jury, except possibly as a witness, and it does not appear that he was a witness. Permission, therefore, was given to the defendants to file supplemental affidavits, and at the same time permission was given to the Assistant United States Attorney to file any affidavit that he might see fit to file in opposition. Thereafter the affidavits of Edward F. Wagner and Albert H. Allen were submitted. Both are defendants, and they say that they did not testify before the November grand jury, and they know of their own knowledge that the defendant Graff did not testify before the November grand jury, although all three apparently did testify before the June grand jury.

As opposed to the Kennedy affidavit, there is the affidavit of the Assistant United States Attorney, who sets forth that the defendants Albert H. Allen, Frank Pallante, Edward F. Wagner, Arthur R. Illing, Albert F. Graff, William H. Nast, Louis J. Klovrza, Herman F. Plump, and Frank X. Ongaro testified before the June grand jury and waived immunity. That in their testimony these defendants made admissions and statements which could be considered confessions of guilt. That a stenographic transcript of the statements made by these defendants was offered in evidence before the grand jury, which found the present indictment. In addition, Mr. Singer points out that there was documentary proof presented to the November grand jury "concerning the deeds, contracts of sale, trustee's agreement for a 'pool' account in the bank, checks, charge tickets, and books of the bank, ledger accounts, and a great mass of other physical exhibits. * * * That all of these exhibits were identified as being the property of the member bank, and the entries therein made in the course of business in the bank." The Singer affidavit continues by reciting that a special accountant of the Department of Justice testified with respect to these exhibits and obtained "written, signed and sworn statements from some of the defendants in the case, concerning their guilt in the proceedings."

The defendants rely on Murdick v. United States, 15 F.(2d) 965, 968, in which the Circuit Court of Appeals for the Eighth Cir-

cuit held: "If defendants can show that an indictment was returned against them entirely on incompetent evidence, they can present the matter by motion to quash, and the general holdings are that such motion is addressed to the sound discretion of the court." With that statement of law there is, perhaps, no quarrel; but the Singer affidavit certainly shows that there was at least some competent evidence presented to the grand jury. It is idle to speculate that any was incompetent. Particularly is this so in view of repeated expressions of reluctance by judges of this circuit to favor motions of this kind. United States v. Violon (C. C.) 173 F. 501; United States v. Garsson (D. C.) 291 F. 646; Kastel v. United States (C. C. A.) 23 F.(2d) 156; United States v. Goldman (D. C.) 28 F.(2d) 424.

In Olmstead v. United States (C. C. A.) 19 F.(2d) 842, 845, 53 A. L. R. 1472, it was said: "And it is uniformly held that a plea in abatement to an indictment, being a dilatory plea and not favored in law, must be pleaded with strict exactness and with certainty, accuracy, and completeness, and must set forth facts, and not conclusions of law, nor evidence of facts, and that every inference must be against the pleader." United States v. Morse (D. C.) 292 F. 273; United States v. Bopp (D. C.) 232 F. 177; United States v. Nevin (D. C.) 199 F. 831, 833; Agnew v. United States, 165 U. S. 36, 45, 17 S. Ct. 235, 41 L. Ed. 624.

The motion in all respects, therefore, is denied, for the double reason that the defendants failed to show that only incompetent evidence was presented to the grand jury, and for the reason that the plaintiff shows the contrary.

For the same reasons the plea in abatement and in bar must be dismissed.