**COX et al. v. VAUGHT, Judge.**
No. 553.

Circuit Court of Appeals, Tenth Circuit.
Sept. 19, 1931.

Sid White, of Oklahoma City, Okl., for petitioners.

Before LEWIS and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

McDERMOTT, Circuit Judge.

The petitioners have asked leave to file a petition in mandamus against the Honorable Edgar S. Vaught, Judge of the United States District Court, for the Western District of Oklahoma. The application, together with the attached petition for mandamus, discloses the following facts:

The petitioners, with others, have been indicted for using the mails in pursuance of a scheme to defraud. To that indictment the petitioners have filed a motion to quash, which is positively verified by each defendant in person. The motion to quash alleges:

"That the said indictment, nor any of the several counts thereof, was found, indorsed, presented or filed in the manner prescribed by law.

"That no witness appeared before said grand jury and testified to any fact or circumstance upon which the grand jury could return said indictment, or any count thereof, against this defendant.

"That no evidence of any kind or character was presented to or considered by said grand jury upon which said indictment, or the several counts thereof, could be returned against this defendant.

"That the truth does not, and did not permit said grand jury to find or return said indictment, or any count thereof, against this defendant, and this defendant is in good faith in assailing said indictment and the several counts thereof.

"That the grand jury that found the indictment, and the several counts thereof, had not before it any evidence whatever that was competent and admissible as proof of any material matter required to be proven to return said indictment and the several counts thereof against this defendant.

"Wherefore, defendant prays the court to grant a hearing and thereupon abate, quash and dismiss said indictment and the several counts thereof."

To such motion a response was filed, verified by the United States Attorney, denying the allegations of the motion.

The petitioners thereupon called the matter to the attention of the trial court, and requested that a time be fixed at which the evidence could be taken on the issues so joined, and requested that the court grant to them compulsory process to require the attendance of the witnesses who appeared before the grand jury and the grand jurors, to testify as to the proceedings before the grand jury.

The trial court inquired of counsel for the defendants whether defendants had any evidence to support the general allegations of the motion. Counsel replied that neither he nor the defendants could state the character of evidence introduced before the grand jury. He stated that they knew what witnesses appeared before the grand jury, and that they knew what the truth was concerning the charges, and he therefore knew that there could be no legal and competent evidence to sustain the various counts, and if accorded the opportunity, they could prove that no legal and competent evidence was introduced before the grand jury. The trial court held that the whole purpose of the motions "was to try to secure before trial all of the evidence which went before the grand jury" and that the motion "bears indications too strongly that it is a mere fishing expedition."

From the statements made by counsel to the trial court and to this court, it is clear that the allegations in the motion to quash are mere conclusions, and that neither defendants nor their counsel are in possession of any facts in support thereof. The position of counsel is that his clients are not guilty; he has a right to assume that the witnesses before the grand jury testified truthfully; that if they did testify truthfully, the grand jury could have had no evidence upon which to return the indictment. The question of whether the witnesses who testified before the grand jury were truthful or mistaken cannot be tested by a motion to quash. The function of such a motion is not to test the truthfulness of the evidence presented before the grand jury, but to test the question of whether the indictment was predicated upon any evidence.

The grand jury is charged to investigate the facts presented to it, and to return indictments only if there is legal and competent evidence that an offense has been committed and reasonable ground to believe that those charged are guilty. There is a strong presumption that the grand jury has faithfully discharged its duty. While the presumption is strong, it is not irrebuttable, and if it is clearly proven that an indictment was returned without evidence, the indictment must be quashed.

The particular point here presented, however, is whether the jurisdiction of the trial court to inquire into the question is properly invoked by a naked allegation that no evidence was introduced, without supporting facts. We are of the opinion that the trial court was clearly right in declining to enter into such an investigation upon the bald and naked allegations of these motions. Furthermore, the trial court afforded counsel an opportunity to state whether he was possessed of any facts that would be sufficient to invoke the jurisdiction of the trial court, and counsel stated that he had no knowledge of the character of the evidence which was presented to the grand jury, but relied upon the proposition that since his clients were innocent, there could be no truthful evidence of their guilt. But it is the character of the evidence, and not its truthfulness, with which the trial court is concerned.

Counsel urges that because of the secrecy of the grand jury proceedings, it is impossible for him to ascertain whether or not competent evidence was presented to the grand jury without an inquiry of the witnesses or grand jurors in court. In this, counsel is in error. If inquiry is made of the District Attorney, or others present in the grand jury room, either by counsel or the court, as to whether witnesses appeared before the grand jury who purported to know the facts to which they testified, it can readily and quickly be ascertained whether there is any basis

for a more exhaustive investigation. If no such fact is presented to the trial court, then the presumption that the grand jury faithfully discharged its duty must prevail. Otherwise, every defendant who asserts his innocence is in position to demand that his case be twice tried, once by the court, and once by the jury. Such a practice would break down our system of jurisprudence.

There is some conflict of authority upon the question. The Eighth Circuit Court of Appeals has held that it is not proper for a trial court to inquire into the character of the evidence upon which the grand jury acted, except in extreme instances where it is necessary to prevent clear injustice or an abuse of judicial process. McKinney v. United States (C. C. A.) 199 F. 25. And again, in Anderson v. United States, 273 F. 20, 29, the Eighth Circuit held that an indictment "cannot be set aside or avoided * * * unless it affirmatively appear that there was no evidence of the commission of the offenses presented to the grand jury." See, also, Murdick v. United States (C. C. A. 8) 15 F.(2d) 965. Counsel contends that these decisions have been overruled by the later case of Brady v. United States (C. C. A. 8) 24 F.(2d) 405, 59 A. L. R. 563. That decision does not purport to overrule the earlier cases, and in fact cites and relies upon them. As a matter of fact, the question here presented was not before the court in the Brady Case. The question before the court in that case was not as to the necessity of facts, as distinguished from conclusions, to invoke the jurisdiction of the court to order the inquiry, but concerned itself solely with the question of whether or not, when such inquiry was in progress, defendant could show that no evidence existed as to an essential element of the offense. The Fourth Circuit has followed the rule of the Eighth Circuit. Simpson v. United States, 11 F. (2d) 591. The Second Circuit has held to the same effect, and in Kastel v. United States, 23 F.(2d) 156, 158, Judge Learned Hand said concerning such general allegations as are here offered: "If this were enough, we should be obliged to try over the proceedings before the grand jury in every case. If it turned out that there was competent evidence, the accused would none the less have the prosecution's case in advance to contrive against at his leisure. In any event the trial would be complicated to an inordinate extent, and our criminal procedure

become even more unwieldy, dilatory, and uncertain. We agree with the rulings in the Eighth Circuit, never insensitive to the protection of personal rights."

The Ninth Circuit, following the Eighth Circuit, has held that an indictment cannot be abated unless it affirmatively appear that no competent evidence was presented to the grand jury, and "that a plea in abatement to an indictment, being a dilatory plea and not favored in law, must be pleaded with strict exactness and with certainty, accuracy, and completeness, and must set forth facts, and not conclusions of law, nor evidence of facts, and that every inference must be against the pleader." Olmstead v. United States (C. C. A.) 19 F.(2d) 842, 845, 53 A. L. R. 1472.

There are many district court opinions to the same effect, one of the most exhaustive of which is United States v. Nevin (D. C. Colo.) 199 F. 831, which cites many persuasive authorities from the state courts. In United States v. Lehigh Valley R. Co. (D. C. Pa.) 43 F.(2d) 135, 139, the court gathers many authorities in support of the propositions there announced that pleas in abatement to indictments must be pleaded with exactness, certainty, accuracy, and completeness, and must set forth facts and not evidence of facts or conclusions of law. In United States v. Siebrecht (D. C. N. Y.) 44 F.(2d) 824, the trial court was confronted with a situation almost exactly parallel to the situation here, and following the authorities cited, held that the motion to quash should be denied. See, also, United States v. Seidman (D. C. Pa.) 45 F.(2d) 178. In Hyde v. United States, 225 U. S. 347, 373, 32 S. Ct. 793, 804, 56 L. Ed. 1114, Ann. Cas. 1914A, 614, it was held that pleas in abatement of indictments "must be pleaded with strict exactness."

There are decisions in state courts and at least one decision in a Federal district court to the contrary. But with such decisions we are not in accord. We hold that a defendant has no right to demand an investigation of the proceedings before a grand jury without a preliminary affirmative showing, by facts as distinguished from conclusions, that no evidence of the elements of the offense charged was presented to the grand jury.

The application for leave to file the petition for mandamus is denied.