## UNITED STATES v. AMAN et al.
### No. 52–CR–321.

United States District Court
N. D. Illinois, E. D.
Jan. 12, 1953.

14. See cases cited in footnote 13, supra. Cf. Moore's Federal Practice, 2nd Edition, Volume 4, § 30.03(6).

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for plaintiff.

Frank J. McAdams, Jr., Chicago, Ill., for defendant.

PERRY, District Judge.

The defendants have been named in five counts of an indictment, which charges violation of Sections 659 and 2314, Title 18 U.S.C.A. Defendant, James Aman, moves the Court to grant an order allowing the defendant to inspect the minutes of the Grand Jury; in the alternative, he prays that the Court exercise its prerogative and inspect the minutes of the Grand Jury. The motion is not supported by an affidavit. Upon information and belief, the defendant alleges that the Government did not offer to the grand jurors any competent and admissible evidence whatsoever which implicated this defendant.

There is a strong but not an irrebuttable presumption that the grand jury has faithfully discharged its duty. Cox v. Vaught, 10 Cir., 52 F.2d 562. By virtue of the provisions of Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., the Court has the power to permit disclosure of the grand jury minutes upon a proper showing by the defendant that matters occurring before the grand jury may constitute grounds for dismissal of the indictment. In view of the strong presumption of regularity of grand jury proceedings, this power is to be exercised sparingly in extreme cases only when the defendant advances facts, upon a sworn affidavit or sworn testimony, which clearly reflect a prejudicial irregularity in the grand jury proceedings. Such is not the case before the bar.

The Court has before it no facts, by affidavit or otherwise, which show any irregularity, or that the indictment was returned solely upon hearsay or other illegal or inadmissible evidence. The motion recites, upon the information and belief of the defendant, the mere conclusion that only hearsay evidence was submitted to the grand jurors. This is certainly not sufficient to warrant the Court in giving serious consideration to a review of the grand jury proceedings in the instant case. Cox v. Vaught, supra. U. S. v. American Medical Association, D.C., 26 F.Supp. 429. To allow the motion on this type of showing would impair our system of criminal jurisprudence. It could be used to "open the way for an exploratory expedition for the purpose of obtaining the Government's evidence, and pave the way for numerous dilatory tactics", as is stated in the opinion of the Circuit Court of this Seventh Circuit in the case of U. S. v. Molasky, 118 F.2d 128, 132.

Accordingly, the motion is denied.